Submitted July 14,—Decided July 31, 1909.

*Sam L. Olive,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

### 1980. ATLANTIC COAST LINE RAILROAD COMPANY v. COHN & COMPANY.

1. A bill of lading issued by a common carrier is, so far as it acknowledges receipt of the goods, only prima facie evidence of the fact. Where a bill of lading acknowledges receipt of a stated number of articles, qualified by the expression "shipper's load and count," it is prima facie evidence of the receipt of the total number of articles stated, but the carrier may overcome the prima facie case thus made by showing that it in fact received a lesser number.
2. The judge was authorized to sustain the certiorari, but erred in rendering final judgment.

Certiorari, from Decatur superior court—Judge Park. June 12, 1909.

Submitted July 20,—Decided July 31, 1909.

R. G. Hartsfield, Pope & Bennet, for plaintiff in error.

A. H. Russell, T. S. Hawes, contra.

POWELL, J.   The Bainbridge Oil Company loaded and delivered to the Atlantic Coast Line Railroad Company a car of cottonseed meal, to be transported to A. Cohn & Company at another station on the same railroad.   The railroad company issued a bill of lading in the following form:   "A1408 A. C. L. Railroad Company, Bainbridge, Ga., Feb. 10, 1906.   Received from Bainbridge Oil Company, in apparent good order, the articles named below, to be delivered in like good order, without unnecessary delay, as per conditions of company's bill of lading, to A. Cohn & Co. at Wataga, Ga. . .   500 sacks cottonseed meal A. C. L. 24714.   Actual weight, 50,000.   Prepaid 20.25, 81 cts. a ton.   Shipper's load and count.   D. G. McLellan, Agent."   When the car arrived at Cohn & Company's it was found to be unbroken, and to be sealed with the shipping seals of the Bainbridge Oil Company, but when the sacks of meal were counted it was found that there were only 460 of them, instead of 500 as stated in the bill of lading.   Cohn & Company sued the railroad company for the loss of the 40 sacks— the difference between the amount actually found in the car at delivery and that stated in the bill of lading.   The company set up that it had never received these 40 sacks.   The jury in the justice's court found in favor of the railroad company on this issue. The plaintiff took the case by certiorari to the superior court; the certiorari was sustained, and the judge gave direction that the judgment be amended (there had been a small judgment in favor of the plaintiff by reason of another item) by adding thereto the value of the 40 sacks of meal with interest thereon.   .

The authorities are uniform that a bill of lading partakes of the nature both of a receipt and of a contract.   Usually, in so far as it is a written contract, it is not subject to contradiction by parol testimony; and usually, in so far as it is a receipt, it is subject to explanation and contradiction.   Ordinarily, in so far as it acknowledges receipt of the goods, it is considered merely as a receipt, and evidence may be introduced to show that the carrier did not in fact receive the goods, or that it received them in less amount or in different condition from that stated in the bill of lading.   The

burden, however, is upon the carrier to show that the amount or condition stated is incorrect. In other words, the carrier may issue a bill of lading on the shipper's load and count and may afterwards protect itself against any discrepancy, by showing that a recount has been made by its agents or by any one else, disclosing the discrepancy, provided that the recount be made under such circumstances as to make it reasonably certain that none of the goods had been abstracted in the meantime. The evidence in this case was practically undisputed, but the inferences to be drawn from the evidence were issuable. From the circumstances disclosed the jury were authorized to reach either of the two conclusions that there was an error in the original count of the shipper or that the goods had been lost by the carrier. In their deliberations on this question the fact that the bill of lading recited that it was issued upon the shipper's load and count—that the receipt was not unqualified—was a circumstance which the jury could fairly have taken into consideration. The judge of the superior court, however, on certiorari had a right to review this finding of fact and to use his discretion in granting a new trial. It was not his province, however, to give direction that a final judgment be entered in favor of the plaintiff. His power over the facts did not extend that far. The judgment is therefore affirmed in so far as it sustains the certiorari, but in so far as it gives final judgment it is reversed.          *Judgment affirmed in part; reversed in part.*