### 3916. SOUTHERN RAILWAY CO. *v.* GORDON.

HILL, C. J. This case is fully controlled by the decision of this court in *Atlantic Coast Line R. Co.* v. *Cohn,* 6 *Ga. App.* 572 (65 S. E. 355), and the request made to review and overrule the decision is denied.

*Judgment affirmed.*

DECIDED JUNE 5, 1912.

Appeal; from Floyd superior court—Judge Maddox. December 6, 1911.

Gordon sued the Southern Railway Company in a justice's court for the loss of 20 sacks of corn. On appeal the case was tried in the superior court, and the court directed a verdict for the plaintiff. The defendant's motion for a new trial was overruled, and it excepted.

The following facts appeared from the evidence: A car-load of corn was shipped for the plaintiff from Nashville, Tennessee, to Cave Spring, a station on the defendant's railway. The bill of lading was for "280 sacks of corn. Weight (subject to correction) 39200. . . Shipper's load and count." The way-bill was for the same number of sacks and same weight. When the car arrived at its destination its seal was intact, but when the defendant's agent, on presentation of the bill of lading, pointed it out to the plaintiff's agent to be unloaded, the seal had been broken, and it was found that there was a shortage of 20 sacks of corn. The missing corn was of the weight and value claimed in the suit. The motion for a new trial was on the grounds that the verdict was contrary to law and evidence, and on the following ground: "The court erred in not allowing the witness J. G. Gwinn to explain what was meant by the words 'shipper's load and count,' when defendant offered said testimony. Defendant expected to show by said witness that the words aforesaid meant that the shipper loaded the cars without the aid of the carriers (defendant), and that defendant never counted or checked what might be loaded in said car, but took the shipper's count, and it was understood that defendant would not be liable for a shortage; that there was a re-

duction in the freight charges when the shipper did its own loading; that there was a reduction in freight charges in the present case. Movant contends that said testimony was admissible, and that said contract was binding on the shipper."

*Maddox, McCamy & Shumate, George A. H. Harris & Son,* for plaintiff in error.

*M. B. Eubanks,* contra.