DAVID H. HOUSER, plaintiff in error, *vs.* THE PLANTERS' BANK OF FORT VALLEY, defendant in error.

1. Is a corporation, whose charter does not confer the privilege of issuing its bills to circulate as money, a bank, in the sense of the act of 1857, and of the provisions in the first Code on the subject of banks and banking, (sections 1421, 1423,) so as to make all contracts for the loan of money at a greater rate of interest than seven per cent. per annum null and void? *Quære?*

2. By the English law the entire contract, if tainted with usury, was void, yet the money actually borrowed, with the legal interest thereon, was held to be a good consideration to support a new promise to pay the old debt purged of the usury. So, though this corporation were such a bank of

Houser.*vs*. The Planters' Bank of Fort Valley.

issue as that a usurious contract would be absolutely void if made before the act of 1873, (Code, sections 2051, 1474,) yet, after the act abolishing all laws against usury, and pending the period when there was no law prohibiting it, the money actually borrowed, with legal interest from the time borrowed, is a good consideration to support a new promise then made to pay at least such sum actually borrowed and the legal interest due thereon.

3.   In such case, a plea that the whole consideration on which the new promise was made was illegal, is bad, and should be stricken on demurrer, unless amended; but when the entire pleadings and facts show that the consideration is in part clearly legal, and in part void, and the consideration is severable, though the judgment striking the plea will be affirmed, yet this court will direct that defendant have leave to amend, if so advised, so as to plead inadequacy of consideration as to the usury.

Corporations.   Banks.   Interest and usury.   Contracts. Pleadings.   Practice in the Supreme Court.   Before Judge CLARK.   Houston Superior Court.   November Adjourned Term, 1875.

Reported in the opinion.

SAMUEL D. KILLEN; W. S. WALLACE; W. A. HAWKINS; H. K. McCAY, for plaintiff in error.

DUNCAN & MILLER; POE, HALL & LOFTON, for defendant.

JACKSON, Judge.

This was a suit brought by the bank against D. H. Houser to recover two promissory notes, one for $5,761 00 and the other for $5,696 00, dated 20th December, 1873.   These notes were given in consideration of certain money borrowed by defendant from the bank in 1871 and 1872, and certain interest at the rate of some eighteen per cent. per annum charged therefor. At the time the money was borrowed, and the consideration for which these two notes were given was incurred, the interest was usurious by the law of this State; but after the act of 1873 abolishing all usury laws was passed, and before its repeal, while there was no law against usury, the notes sued on were given for the money borrowed and all interest, legal and usurious.   The defendant pleaded that plaintiff was a

Houser *vs.* The Planters' Bank of Fort Valley.

chartered bank and had taken usury at a time when the whole contract was null and void if usurious interest was exacted by a bank of this state; that the consideration for which these notes were given was thus an illegal consideration, usury being part thereof, and that such consideration was not a good consideration to support the new promises made in the shape of these two notes sued on, and the consideration being all void at the time that it was incurred, the new promises had nothing to rest upon and were also void, and there could be no recovery against defendant on the two notes, although at the date of the notes, December, 1873, there was no law against usury in this state. The court held the consideration not illegal, and rendered judgment to plaintiff for the whole amount of the two notes, principal and interest; the defendant excepted, and the question is, was the consideration illegal so as not to support the promise to pay these notes?

1. The first question is this: Is the Planters' Bank of Fort Valley a bank within the purview of the act of 1857, and the first Code, or Irwin's Code, sections 1421–1423, so as to incur the penalty of having the contract declared null and void, if more than legal interest was taken? It is a question whether it be a bank at all. The charter, as a loan and trust company, was first passed in 1868, and not passed constitutionally in either branch of the general assembly, if it was a bank. It is clear that the legislature did not, in 1868, consider the institution a bank, as appears from the journals of the two houses: Senate Journal, 276; House, 478. In 1870 the name was changed from the Fort Valley Loan and Trust Company to the Planters' Bank of Fort Valley, and this change of name was passed by yeas and nays, two-thirds voting for it in one house, but in the other it was passed in the usual way, and still not considered a bank, it seems, by the senate: Senate journal, part 3, 161; House, part 2, 1239. However this may be, it is clear that it was not made a bank to issue money, bills to circulate as money, and if we examine the act of 1857, and the Codes following and codifying that act, we shall find that all this legislation is full of the idea of

banks authorized to issue bills for circulation as money. It is quite questionable, therefore, whether this bank could not at all times lend money just as a natural person could, and whether anything but the usurious interest would be forfeited. It is a question, and as a question we leave it, because it does not matter materially in the view we have taken of the case, and the conclusion we have reached.

2. Let us suppose, then, that this institution is a bank, and such a bank as is obnoxious to the prohibition of the act of 1857 and the old Codes against usury, and the annulling of all contracts in violation of those laws, does the fact that it did take usury in 1871 and 1872, when it was prohibited from so doing, and when so doing made the contract null and void, make void the new contract made in December, 1873, when there was no law against usury? ' Or, in other words, is the first contract so illegal in its totality as to furnish no good consideration to support the mere promise? or, is a contract, void for usury, so illegal that not even the money actually borrowed will support a promise to pay that money and the lawful interest? By the laws of England before and at the time of our adopting statute, every usurious contract was void, and the party taking usury forfeited all the money loaned and was liable for three times the sum loaned: 2 Chitty's Blackstone, 464, note; 1 Saunders, 235; 2 Blackstone's Reports, 792; 4 *Ibid.*, 157. A broker who took or was concerned in taking such usury, was guilty of crime, and incurred the penalty of a *præmunire:* 4 Blackstone, 156, 116. So that the contract, when usury, was taken by a bank before the act of 1873, Code, sections 1474, 2051, could hardly be more absolutely void than all usurious contracts were, by the laws of England, before and at the time of our adopting statute. Yet it was held then that the money actually borrowed was a good consideration to support a new promise to pay principal and legal interest, and such new promise, purged of the usury, would be enforced by the courts: 1 Campbell, 165; 2 Taunt, 184; 2d Stark, 237; 48*th Georgia Reports*, 658; 33 *Ibid.*, 21. If such was held to be law when the whole

consideration was a void contract as against natural persons, why should we not hold now that the money borrowed is a good consideration to support a promise to pay it back with the legal interest thereon ? We can see no distinction between the two cases. There, as here, the contract relied upon to support the new promise was absolutely void ; but it was moral and equitable to pay all that was legal, nay, it would be unjust not to pay it. So here the usurious contract is void against the bank, but it is right for the borrower to pay the bank back the money loaned and lawful interest, and a new promise to do so ought to be just as valid and binding in this case as in that. Indeed, in this case, at the time the new promise was made and the notes sued on were given, all usury laws had been abolished, and under precisely similar circumstances in England a majority of the court of exchequer held a new promise to pay the entire debt, principal and all interest, legal and usurious, a valid promise, supported by the morality of paying back the money borrowed : 1 Hurlstone & Coltman, 702. We do not go to that extent, but rather agree with the view presented by the dissenting judge, who held the money borrowed a good consideration to support a promise to pay the principal and legal interest.

3. The plea here is that the consideration is illegal, and therefore that it will not support the two notes sued on ; but it is not wholly illegal, we think, but void in part and good in part; and as it is severable, as the usurious part may be purged out, and nothing but the pure money borrowed and the legal interest be left, we think that, under our Code, section 2745, which provides that if the consideration be good in part and *void* in part, and be severable, it may be sustained for the good part, that these notes may be sustained for principal and lawful interest. In this promise there was nothing illegal, because there was no law against usury when it was made; but this is precisely a case where the consideration was *void* in part but good in part. The good part, the righteousness of paying back the money borrowed, always was a good consideration to support a promise to pay that money so

borrowed and the lawful interest thereon.   We hold it good for that purpose, and not illegal in any respect, so as to sustain the plea that the whole new contract, made at a time when there was no law at all against usury, was entirely void: See 27 *Georgia Reports,* 571; 41 *Ibid.,* 331.   It may be added that courts of equity never would relieve against usury except on the payment of the money borrowed and the legal interest.   The fact is, that usury was always regarded as anomalous in character, and never so totally illegal as that the parties could not settle equitably by paying and receiving the principal and lawful interest.   As the plea of defendant went to the whole of the two notes sued on, and sought to annul the whole, the money actually borrowed and the lawful interest as well as the usurious interest, we affirm the judgment, but direct that the defendant have leave to amend, if so advised, by pleading inadequacy of consideration as to the usury there may be in the notes sued on, or rather in the consideration on which they were given.

Judgment affirmed, with directions.