46772. REESE v. TERMPLAN, INC., BOLTON.

JORDAN, Presiding Judge. The defendant, who is the buyer of a washing machine under a retail instalment contract,

appeals a judgment on the contract in favor of the plaintiff, the assignee of the seller. The action was tried before a judge without a jury. *Held:*

1. The contract is within the provisions of the Retail Instalment and Home Solicitation Sales Act, Ga. L. 1967, p. 659 et seq., as amended (*Code Ann. Ch.* 96-9). The defendant asserted a failure of consideration and this defense may be asserted against an assignee as here shown. *Geiger Finance Co. v. Graham,* 123 Ga. App. 771 (182 SE2d 521). The defendant testified, contra to a signed delivery receipt, that the washing machine was never delivered to her, and that when she sought delivery the seller was no longer in business. While a former employee of the seller testified that in fact the machine was not delivered the trial judge excluded proffered testimony of a conversation this witness overheard between the buyer and the seller, the transcript indicating that the testimony, if allowed, would have disclosed that the buyer told the seller she did not want immediate delivery, and that the seller agreed to hold the machine for future delivery.

Defendant asserts error on the action of the trial judge in excluding testimony of the conversation as inadmissible hearsay. He contends, in respect to what the buyer said to the seller, that the witness was "merely asked *what words* defendant had used, not *what assertion* defendant was making." Hearsay evidence, by statutory definition in Georgia, is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. *Code* § 38-301. What was said, to establish the fact that it was said, but not the veracity of its content, is admissible in Georgia to explain conduct and ascertain motives, not as hearsay, but as original evidence. *Code* § 38-302. If in fact the buyer stated to the seller she did not want immediate delivery, the fact of her statement is admissible evidence to explain conduct.

The defendant further contends that the reply of the seller

would be an admission by one in privity with the plaintiff, the assignee of the contract. Under the circumstances here shown we think the seller, then in possession of the machine, sold under a retention-of-title contract, was in privity with the assignee and that any extrajudicial admission adverse to the prima facie signed delivery receipt (see *Atlantic C. L. R. Co. v. A. Cohn & Co.,* 6 Ga. App. 572 (1) (65 SE 355)) would be admissible against the assignee of the contract, as evidence of non-delivery, under *Code* § 38-407, even though it qualifies as hearsay under *Code* § 38-301. See Green, Georgia Law of Evidence (1957), pp. 553, 558, §§ 262, 265.

In view of the conflict in the evidence, and the obvious fact that the excluded testimony supports and may add weight, if believed, to other testimony to establish the first defense, which is a total defense to the action, we think the exclusion of the admissible conversation was error.

2. The undisputed record discloses a cash price of $300, plus an added $62.88 finance charge, payable in 21 equal monthly instalments, that the defendant made one monthly payment of $17.28, and that the plaintiff thereafter declared the entire balance due on an accelerated basis. The absolute maximum allowable finance charge, denominated as a "time price differential," which the seller, and likewise the "holder" may charge, receive, and collect on a 21-month contract involving an unpaid balance, would be $63 under the Retail Instalment and Home Solicitation Sales Act. See *Code Ann.* § 96-903 (d). To accelerate the entire unpaid balance as due long before the time provided in the contract obviously discloses a claim exceeding the maximum finance charge allowable, which, under further provisions of the statute, "shall bar recovery of any finance charge, delinquency or collection charge on the contract." *Code Ann.* § 96-910. See *Lewis v. Termplan,* 124 Ga. App. 507 (184 SE2d 473). The applicable statute here involved precludes application of the contrary rule expressed in *Richardson v.*

*C. I. T. Corp.,* 60 Ga. App. 780 (5 SE2d 250), and similar rulings. Thus the judgment, which is being reversed for the reasons stated in Division 1, is also erroneous to the extent that it includes any amount representing time price differential or any collection charge, including any attorney's fees otherwise allowable as a collection charge.

*Judgment reversed. Deen and Clark, JJ., concur.*
ARGUED JANUARY 5, 1972—DECIDED FEBRUARY 10, 1972.

*David A. Webster, David G. Crockett,* for appellant.
*Richard V. Karlberg, Jr.,* for appellee.