## 51883. DOUGLAS v. DIXIE FINANCE CORPORATION.

Stolz, Judge.

Dixie Finance Corporation brought suit against Mary Douglas and her former husband, Hollis Douglas,

on a promissory note in the face amount of $2,640, of which $1,350 involved refinancing of a prior loan. It is uncontroverted that the prior loan violated the Georgia Industrial Loan Act as construed by this court in *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110) and was null and void under the Supreme Court decision in *Hodges v. Community Loan &c. Co.,* 234 Ga. 427 (216 SE2d 274). By stipulation the case was tried by the judge without a jury. In rendering judgment for the plaintiff, the trial judge found that the earlier void instrument "was superseded by the later contract as to which is constituted an accord and satisfaction." It is to the correctness of the ruling, from which defendant Mary Douglas appeals, that we first direct our attention.

1. "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code § 20-1201.

Unless specifically agreed to by the parties, a renewal of a promissory note alone is not an accord and satisfaction. *Blackshear Mfg. Co. v. Harrell,* 191 Ga. 433 (2) (12 SE2d 328). The record does not show any such agreement in this case. Moreover, the prior illegal contract could not be valid consideration for the execution of the note sued upon. "If the consideration be good in part and void in part, the promise will be sustained or not, according as it is entire or severable, as hereinafter prescribed. If the consideration be illegal in whole or in part, the whole promise fails." Code § 20-305. *Hanley v. Savannah Bank &c. Co.,* 208 Ga. 585 (68 SE2d 581).

2. Prior to the filing of the complaint in this case, the plaintiff caused its attorney to give the defendants notice pursuant to Code § 20-506, then brought suit for $2,200, 15% attorney fees, and court costs. Following the defendants' answer and counterclaim, the plaintiff amended its complaint by showing "that the total amount stated in the complaint is reducible by any

earned charges, all as particularly shown in the note, and as deducted on all previous notes of the defendants when they were renewed." The plaintiff's loan manager testified that it would be entitled to an interest rebate of $185.71; life insurance rebate of $50.63; accident and health insurance rebate of $80.79; and household goods rebate of $53.86. Based on this testimony, after granting the defendant suretyship credit of $420.28, the trial judge entered judgment against the defendant for $1,408.73. In *Reese v. Termplan, Inc., Bolton,* 125 Ga. App. 473 (188 SE2d 177), this court held that the Installment Sales Act was violated *at the time the seller attempted to accelerate the unpaid balance.* In *Harrison v. Goodyear Service Stores,* 137 Ga. App. 223 (223 SE2d 261) we held that a "good faith" offer to amend a complaint to correct an excessive time price differential, had no effect on the penalty provisions of the statute being construed. On p. 224 we noted: "If a seller is allowed to change his time-price differential after it is determined that his charges violated the Act, then we render the penalty provided in § 96-910 (b) totally ineffective, since forfeiture of finance charges deters no one if the violation may be erased and forfeiture thus avoided by a simple offer to reduce the amount charged." The controlling statutes in this case are Code Ann. § 25-315, which provides the rates a lender may "charge, contract for, collect and receive interest," and Code Ann. § 25-9903, which provides, "Any loan contract made in violation of such Chapter shall be null and void." We believe the analogy between our holding in *Harrison v. Goodyear,* supra, and this case is a valid one.

3. The appellant enumerates as error the trial judge's failure to pass upon her counterclaim and award her judgment thereon. The counterclaim seeks judgment against the plaintiff for $401.06 — that is, the total of monthly $110 payments from July 1, 1973, to June 1, 1974 ($1,210), less $379.29 paid to the appellant and her husband by the plaintiff and $429.65 "paid by plaintiff on the loan sued on." For the basis supporting the defendants' counterclaim, see *Ga. Investment Co. v. Norman,* 231 Ga. 821, 826 (204 SE2d 740); *Harris v. Avco Finance,* 135 Ga. App. 267, 268 (2) (218 SE2d 83). The

record before us consists only of the pleading as amended, with exhibits and the trial judge's findings of fact and law. The record does not contain the requisite proof to sustain the defendants' counterclaim. In the absence of a transcript, or evidence in the record, we cannot consider the enumeration of error as to the defendants' counterclaim. See *Pastis v. Haverty Furniture Cos.*, 134 Ga. App. 9 (213 SE2d 161) and cits.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED JUNE 10, 1976 — REHEARING DENIED JULY 9, 1976 —

*W. L. Dwyer,* for appellant.

*Lewis N. Jones, Laurie Hargrove, Gambrell, Russell, Killorin & Forbes, Douglas N. Campbell, John A. Clark,* for appellee.

*Charles M. Baird,* amicus curiae.