## 52300. LIBERTY LOAN CORPORATION OF SHOALS v. CHILDS et al.

MARSHALL, Judge.

This is an appeal from a directed verdict for Jimmy and Della Childs, defendants below. The case had its inception in a secured promissory note given in November, 1974, by the Childs to Liberty Loan Corporation of Shoals in consideration for a loan in the amount of $1,560, payable in 24 equal monthly installments. Liberty is licensed under the Georgia Industrial Loan Act, Ga. L. 1955, pp. 431 et seq. (Code Ann. Chap. 25-3), and in accordance with pertinent provisions of the Act, included within the $1,560 the maximum but lawful interest charges allowed. The body of the note also provided that upon default the holder could declare an acceleration of the maturity of the note rendering the entire indebtedness immediately due and payable. However, the note further provided in one reference that in the event of acceleration of the due date "Lender will rebate interest in proportion to the reduction in the loan term" and in a second reference that "On acceleration by Lender, precomputed interest will be reduced in proportion to the reduction in the loan term." The trial court found that the note itself did not contract for unearned, usurious interest.

The Childs made four payments and then defaulted. In October, 1975, Liberty exercised its right to accelerate and demanded payment of the entire unpaid balance, including the unearned interest, as well as 15% attorney fees. The demand, as evidenced by the notice of intention to seek attorney fees as well as the complaint filed in November, 1975, did not offer a rebate of unearned interest but demanded the entire unpaid balance. On December 2, 1975, Della Childs answered the complaint (Jimmy having abandoned his wife, Della, and absconded) denying the indebtedness and further alleging the contract violated the Industrial Loan Act in that unearned interest was involved. On January 12, 1976, Liberty attempted to amend its complaint reducing its demand to a sum that did not include unearned interest and reduced its demand for attorney fees to 15% of

the reduced amount.

The case was stipulated as to facts and submitted to the trial court on briefs. Even though the trial court held that the contract itself did not violate the Industrial Loan Act, it determined the demand, which included unearned interest, constituted a "charge" within the meaning of the Act. The trial court held that the excessive "charge" rendered the loan void. Finally, the trial court refused to consider the attempted amendment apparently on the theory that to allow the belated amendment would dilute the penalty provisions of Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444) by allowing a violator to erase a discovery of its violation by a simple amendment to reduce the amount charged.

Liberty enumerates as error the refusal of the trial court to allow the amendment to relate back to the original pleadings and by holding that the basic loan contract was void under the penalty provisions of the Georgia Industrial Loan Act. *Held:*

1. We reverse. The common problem presented in usury cases dealing with violations of the Georgia Industrial Loan Act has been the authorization in the underlying contract itself to accelerate the payment of that part of the installments not yet due but upon which unearned interest either has already been collected or for which by acceleration interest will be collected though not earned. This gives a higher interest return on the use of the money than is authorized under the statute, and nullifies the entire transaction. See, e.g., *Lewis v. Termplan, Inc., Bolton,* 124 Ga. App. 507 (184 SE2d 473); *Roberts v. Allied Finance Co.,* 129 Ga. App. 10 (198 SE2d 416); *Hardy v. GAC Finance Corp.,* 131 Ga. App. 282 (205 SE2d 526), affd., *GAC Finance Corp. v. Hardy,* 232 Ga. 632 (208 SE2d 453); *Lawrimore v. Sun Finance Co.* 131 Ga. App. 96 (205 SE2d 110); *Frazier v. Courtesy Finance Co.,* 132 Ga. App. 365 (208 SE2d 175).

A related line of problems dealing with usurious interest is found in the cases dealing with accelerated payments under the Georgia Retail Installment and Home Solicitation Sales Act (Ga. L. 1967, pp. 659 et seq. (Code Ann. Chap. 96-9 et seq.)). See, e.g., *Reese v. Termplan, Inc., Bolton,* 125 Ga. App. 473 (188 SE2d 177);

*Bell v. Loosier of Albany, Inc.,* 137 Ga. App. 50 (222 SE2d 839); *Harrison v. Goodyear Service Stores,* 137 Ga. App. 223 (223 SE2d 261). However, as pointed out by this court in *Bell v. Loosier of Albany, Inc.,* 137 Ga. 50, supra, p. 52: ". . .the Retail Installment and Home Solicitation Sales Act is a totally different breed of animal then the Georgia Industrial Loan Act . . ." As further observed in the *Bell* case, the differences in penalties are significant and substantial. Though both Acts proscribe the charging, collecting or receiving of what amounts to usurious interest, only the Industrial Loan Act exacts a penalty of voidance of the contract where there is a "contracting" of usurious interest. Code Ann. § 25-9903. The penalty exacted under the Retail Installment Sales Act for charging or collecting usurious interest is forfeiture of any finance charges, delinquency or collection charges and if the violation is wilful then the debtor may recover from the creditor specified statutory penalties. Ga. L. 1967, pp. 659, 672 (Code Ann. § 96-910 (b) and (c)). The announced penalty for charging, collecting or receiving usurious interest under this Act is that the violator may be punished as a misdemeanant, or he may be penalized under Code § 57-112 by forfeiting all interest. *Talley v. Sun Finance Corp.,* 223 Ga. 419 (2) (156 SE2d 55). It is manifest from the above that the only loans declared void in their entirety are limited to those under the Industrial Loan Act in which the *contract* itself calls for or authorizes the collection of unearned interest and thereby raises the interest rate above the rate authorized by statute.

In the instant case the trial court apparently predicated its refusal to consider the remedial effect of Liberty's amendment to its complaint upon language found in *Harrison v. Goodyear Service Stores,* 137 Ga. App. 223, supra, wherein it was held that to allow the creditor to avoid the statutory forfeiture by a good faith offer to correct the excessive time-price computation ignores the law established in *Reese v. Termplan, Inc., Bolton,* 125 Ga. App. 473, supra, and tends to nullify the penalty procedures provided for in Code § 96-910 (b). The difficulty with this holding is that both *Harrison* and *Reese,* supra, dealt with the Retail Installment Sales Act rather than the Industrial Loan Act. As previously noted

herein, the two Acts are different in their purpose and effect and the provisions of the one Act are not controlling in the interpretation of the other. See *Bell v. Loosier of Albany, Inc.,* supra, p. 57.

This is not to say, however, that we necessarily disagree with the conclusion of the trial court in this regard. We simply disagree with its rationale. Whether or not an amendment may be made misses the underlying purpose of the Industrial Loan Act. That Act proscribes the *charging* of usurious interest. In *Lewis v. Termplan, Inc., Bolton,* supra, p. 508, it was held that ". . . when the plaintiff opted to accelerate and claim unearned interest on the otherwise unmatured installments . . . this amount was usurious . . ." See also *Roberts v. Allied Finance Co.,* 129 Ga. App. 10 (1), supra. Within the contemplation of the chapter involved (see §§ 25-315, 25-316, and 25-9903), we are satisfied that what is proscribed is making a contract calling for or authorizing usurious interest; demanding usurious interest once a contract (lawful or otherwise) has been effected; collecting usurious interest (i.e., on the initiative of the creditor); or receiving usurious interest (to accept such interest without demands by the creditor). Here the creditor demanded usurious interest, thus violating the Industrial Loan Act. An amendment to its complaint does not erase that violation. See *Douglas v. Dixie Finance Corp.,* 139 Ga. App. 251. Accordingly, the trial court did not err in refusing to allow Liberty to amend to "cure" its initial charge for usurious interest.

2. However, the penalty for charging usurious interest is not voiding the contract as the trial court held, but it is limited to one or possibly both of the lesser penalties of punishment as a misdemeanant (§ 25-9903) or forfeiture of all interest (§ 57-112). The erroneous conclusion in the trial court's judgment requires the judgment be reversed and remanded for further action consistent with this opinion.

*Judgment reversed and remanded with direction. McMurray and Smith, JJ., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED OCTOBER 14, 1976 — REHEARING DENIED NOVEMBER 18, 1976 — ▮

*John A. Clark,* for appellant.
*Joseph H. King, Jr.,* for appellees.
*Charles M. Baird,* amicus curiae.