## 38482. HENSON v. DIXIE FINANCE CORPORATION OF GEORGIA.

JORDAN, Chief Justice.

On May 18, 1978, Mrs. Henson and Dixie Finance entered a loan agreement consisting of a note and a security deed for a first mortgage on certain real property. The principal of the note was $10,190.67, which consisted of $8,912.87 in new cash advanced to Mrs. Henson or paid to her creditors and $1,277.88 covering the unpaid balance of a prior note between Mrs. Henson and Dixie Finance.

Mrs. Henson defaulted on the May 1978 loan, and Dixie Finance, pursuant to the security deed, began foreclosure proceedings. On November 26, 1979, Mrs. Henson filed suit to enjoin the foreclosure. The trial court authorized foreclosure by granting Dixie Finance summary judgment.

For the purpose of this appeal it is agreed that the prior loan, refinanced by the May 18, 1978 note, was made in violation of the Georgia Industrial Loan Act (GILA). Mrs. Henson contends that this represents illegal consideration for the May 18, 1978 agreement; thereby, pursuant to Code Ann. § 20-305, rendering the May 18, 1978 loan agreement (including the security deed) void and unenforceable.

It should be noted that the May 18, 1978 agreement does not fall under the purview of the GILA as it covers a loan of $10,190.67. (This is so even though part of the agreement entails the payment of principal, interest, and charges due on a loan made pursuant to the GILA.) The question is whether the inclusion, in the May 18, 1978 note, of the principal, interest, and charges due under the prior note affect Dixie Finance's right to foreclose pursuant to the security deed of the latter note.

Generally, the usurious or "illegal" aspects of a prior contract can be purged by a new contract that calls only for the repayment of the principal with lawful interest. Corbin on Contracts, Vol. 6A, § 1506, p. 697-98 (1962); *Houser v. Planters' Bank,* 57 Ga. 95, 98-100 (1876). However, in this case, the usury was not purged; it was carried over into the new loan agreement. Mrs. Henson argues that the case of *Douglas v. Dixie Finance Corp.,* 139 Ga. App. 251 (228 SE2d 144) (1976) controls this situation. In that case, Dixie Finance brought suit against Douglas on a promissory note of $2,640, of which $1,350 represented refinancing of a prior loan. The prior loan violated the GILA and was therefore null and void; which, under our decision in *Hodges v. Community Loan &c. Corp.* 234 Ga. 427 (216 SE2d 274) (1975), meant that all principal, interest, and charges were forfeited.

The trial judge ruled that the second note superseded the void first note as it constituted an accord and satisfaction of the first note. The Court of Appeals reversed, ruling that the second note did not constitute an accord and satisfaction and that the prior illegal contract (i.e., the first note) "could not be valid consideration for the execution of the note sued upon." *Douglas v. Dixie Finance,* supra, p. 252. Consequently, the court found that pursuant to Code Ann. § 20-305, the "whole promise" (i.e. the second note) failed.

Henson argues that pursuant to *Douglas,* supra, the following reasoning should apply to this case: the first loan contract being null and void due to the usurious interest, constitutes illegal consideration for the May 18, 1978 agreement, and that pursuant to Code Ann. § 20-305, the second note, including the security deed must fail.

We disagree and hold that *Douglas v. Dixie Finance,* supra, was wrongly decided.

In this case, Dixie Finance has exacted the unlawful promise from Henson to pay the usury due on the prior note. We must decide how the charging of the unlawful interest on the prior note and the carrying forward of this interest to the new note affects the provisions of the May 18, 1978 note relating (1) to the refinancing of the prior note; (2) to the new cash; and (3) to the security deed.

First, we find that the refinancing of the first note does not invalidate the promises and considerations of the May 18, 1978 note relating to the new cash received by Mrs. Henson. A contract may contain several promises or performances by each party and each must be supported by consideration. The promises and considerations represented by the $8,912.87 in new cash and the promise to pay the principal back with lawful interest are separate and distinct from the refinancing provisions of the May 18, 1978 agreement and are not rendered void and unenforceable by the usury relating to the prior loan. "Even if the transaction is found to be a single bargain, if there are separate promises, each with its separately apportioned consideration, with no agreed interdependence, any promise that is itself lawful and that has a lawful consideration will be enforced, except when another part of the bargain is heinous or immoral in high degree." Corbin on Contracts, Vol. 6A, § 1528; p. 782 (1962).

Next, there is no doubt that the promises and considerations concerning the refinancing are infected by the exaction of the unlawful promise by Dixie Finance from Mrs. Henson to pay usury. The GILA was designed to protect borrowers such as Mrs. Henson from the assessment of usurious rates of interest. This purpose is of paramount importance, and transactions such as the present one,

where contracts calling for the payment of usurious interest are refinanced and "hopefully" cured of the illegality through an attractive second loan, should be carefully scrutinized in order to protect the borrowers. Consequently, we find that the principles of the GILA should be looked to in determining the penalty to be imposed upon Dixie Finance under the May 18, 1978 contract, for the carrying forward to that contract of the usurious interest due on the note.

This court, in *Southern Discount Co. v. Ector,* 246 Ga. 30 (1) (268 SE2d 621) (1980), (three Justices dissenting) has determined that the forfeiture by the lender of all interest and charges sufficiently promotes the purposes of the GILA. Consequently, we hold that on the prior loan Dixie Finance must forfeit all past due interest and charges and the interest assessed thereon. We further hold that Dixie Finance can recover *principal and interest* due on new cash advanced, and the principal due on the prior note.

The remaining question is whether Dixie Finance can exercise its foreclosure powers pursuant to the security deed to collect on the money due. We answer affirmatively. First, the security deed on Mrs. Henson's residence was not given as security on the prior note; it was given for security as a part of the May 18, 1978 agreement and is, therefore, not subject to the provisions of the GILA. Second, there are no allegations that there is anything unlawful relating to the security deed, and finally, the general rule is that security given for a loan will be good to the same extent as is the debt itself. Corbin on Contracts, Vol. 6A, § 1507, p. 699 (1962). See, also, *C. & S. South DeKalb Bank v. Watkins,* 236 Ga. 759 (225 SE2d 266) (1976); and *I. D. S. Homes Corp. v. Lucas,* 228 Ga. 521 (186 SE2d 745) (1972).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED OCTOBER 28, 1982.

*Willie Abrams, Paul E. Kauffmann, Charles M. Baird,* for appellant.

*Gambrell, Russell & Mobley, G. Ray Warner, Douglas N. Campbell,* for appellee.