## 66730. BRISCOE v. FIRST NATIONAL BANK & TRUST COMPANY OF AUGUSTA.

MCMURRAY, Presiding Judge.
Briscoe entered into a consumer loan contract with the First National Bank and Trust Company of Augusta. Subsequently,

Briscoe filed this action against the bank alleging that the contract violates the Truth in Lending Act and Regulation Z, and that the interest rate is usurious. Plaintiff's complaint prayed that the loan be declared void and that plaintiff be awarded statutory damages and attorney fees.

Defendant filed its answer and counterclaim denying the allegations of plaintiff's complaint, but admitting that plaintiff entered into a consumer loan contract with it, seeking judgment for the amount due on the note, and seeking damages arising from an alleged disposal of defendant's collateral.

The parties filed their respective motions for summary judgment. The trial court denied plaintiff's motion for summary judgment. Defendant's motion for summary judgment was granted in regard to plaintiff's complaint and as to the amount due on the note including principal, interest and attorney fees. *Held:*

1. As a national bank, defendant is authorized by 12 USCA § 85 to charge the highest interest allowed by the laws of the state in which it is located. *Marshall v. Fulton National Bank of Atlanta,* 145 Ga. App. 190, 191 (1) (243 SE2d 266). Exercising this privilege defendant has calculated the interest on the loan in question under the provisions of the Georgia Industrial Loan Act. OCGA § 7-3-1 et seq. (formerly Code Ann. § 25-301 et seq. (Ga. L. 1955, pp. 431, 432)).

Plaintiff contends that the loan fee charged by defendant was in excess of that allowed by the Georgia Industrial Loan Act and thus usurious. Defendant charged a loan fee of $73.27 computed as: .04 x $1831.75 (the cash proceeds of the loan).

OCGA § 7-3-14 (2) (formerly Code Ann. § 25-315 (b) (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291; 1975, pp. 393, 394; 1977, p. 288; 1980, p. 509)) provides for a loan fee "in an amount no greater than 8 percent of the first $600.00 of the face amount of the contract plus 4 percent of the excess . . ." Face amount of the contract has been defined as "the amount necessary for a borrower to borrow in order to obtain the amount desired." *Consolidated Credit Corp. of Athens v. Peppers,* 144 Ga. App. 401, 404 (240 SE2d 922). Where, as in the case sub judice, the loan is repayable in 18 months or less and as the interest is discounted pursuant to OCGA § 7-3-14 (1) (formerly Code Ann. § 25-315 (a) (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291; 1975, pp. 393, 394; 1977, p. 288; 1980, p. 509)) the face amount of the contract is also synonomous with the total payback amount of the loan. *Robbins v. Welfare Finance Corp.,* 95 Ga. App. 90, 95 (96 SE2d 892); *Consolidated Credit Corp. of Athens v. Peppers,* 144 Ga. App. 401, 403, supra. For further discussion see *Finance America Corp. v. Drake,* 154 Ga. App. 811 (270 SE2d 449), which overruled the retroactive effect of *Consolidated Credit Corp. of Athens v. Peppers,*

144 Ga. App. 401, supra.

The total payback amount of the loan in the case sub judice is $2,301.12. Therefore, the allowable loan fee was $116.04 (.08 × 600 = 48 + .04 × 1701.12 = 68.04). The allowable loan fee being greater than that actually charged, we find no violation of the provisions of OCGA § 7-3-14 (2) (Code Ann. § 25-315 (b)), supra. We note that while OCGA § 7-3-14 (2) (Code Ann. § 25-315 (b)), supra, provides a two tier computation for determining the maximum allowable loan fee, nothing requires that the loan fee actually charged be determined by this method.

2. Since there is no requirement that the loan fee be calculated by the two tier method (.08 × first $600 of "face amount of the contract" + .04 × excess over $600) and the uncontroverted evidence is that the loan fee in the case sub judice was not calculated by that method, it necessarily follows that the loan fee in the case sub judice cannot be rationally divided and stated as two separate components. Neither the Truth in Lending Act nor Regulation Z purport to regulate the amount of the finance charge or compel such charge be computed in any specific way. Gantt v. Commonwealth Loan Co., 573 F2d 520, 522.

The loan fee also identified as the prepaid finance charge was listed as a separate element of the finance charge. We find no support for plaintiff's contention that defendant was required to disclose the method of computing the loan fee. Accord, 12 CFR 226.8 (e) (1) (as in effect March 31, 1981, and deleted effective October 1, 1982, revised Part 226 of Title 12 of the Code of Federal Regulations, commonly known as Regulation Z, effective April 1, 1981; but compliance optional until October 1, 1982, as revised). See also 12 CFR § 226.18. Compare Ector v. Southern Discount Co., 499 FSupp. 284; Gresham v. Termplan, Inc. West End, 480 FSupp. 149; Blalock v. Aetna Finance Co., 511 FSupp. 33.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Laronce Beard,* for appellant.
*David B. Bell,* for appellee.