## 68283. ROBERSON v. HENDERSON CHEMICAL COMPANY et al.

DEEN, Presiding Judge.

The appellant, Danny Roberson, commenced this action against the Henderson Chemical Company and the Certified Janitorial Services, Inc., seeking damages for alleged personal injuries he sustained in an automobile collision which occurred on or about April 20, 1982. The trial court granted summary judgment for the two defendants, on the basis that the appellant had released his claim for such bodily injuries, and Roberson appeals.

Soon after the accident, Diane Handley of the Southern Trust Insurance Company, the insurer of Henderson Chemical Company, contracted with Hugh Joiner, an insurance claims adjuster and appraiser who owns and operates under the name of Auto & Equipment Appraisal Company, to investigate the claim for the damage to the appellant's truck (according to Joiner's deposition). On April 29, 1982, the appellant met with Joiner at a body shop, where the necessary repairs were discussed and agreed upon. Although Joiner took a statement from the appellant, in which the latter mentioned that he had suffered continuous headaches since the accident and that he had sought medical treatment, Joiner did not inquire into any bodily injury because he did not believe that the appellant had such a claim. The agreed estimate for the repair of the truck was $2,362.31, and the appellant signed a general release which purported to discharge both defendants of "all claims, demands, rights, and causes of action of whatsoever kind and nature arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof . . .."

On May 17, 1982, the insurer issued to the appellant a check for $2,362.31 for the repairs, and the appellant contacted Diane Handley to ask whether the check also concerned his possible claim for doctor bills. Upon being informed by Ms. Handley that the check was just for the property damage, the appellant endorsed and deposited the check in his bank account.

The appellant claimed that he met Joiner at the body shop at approximately 9:00 a.m.; that during the meeting he had a headache and was sleepy and dizzy; and that he indicated to Joiner that he had to hurry on to keep a doctor's appointment. Joiner, however, claimed that they had met at 3:30 p.m.; that he had noticed nothing about the appellant that would indicate pain or an inability to concentrate; and that the appellant had not informed him that he had to go to the doctor following their meeting. The appellant had understood the negotiations on April 29, 1982, to concern only the matter of repairing his truck, while Joiner, despite admitting in his deposition that he did

not really delve into the matter of any bodily injury because there appeared to be no cause for such, considered the general release to extend to both property and bodily injury. The appellant acknowledged that he had had the opportunity to read over the statement he had given to Joiner before he signed it, and he admitted that the signature on the release was his, but he claimed to have no recollection of signing the release. Joiner, however, averred that the appellant had studied the release for 5-6 minutes before he signed it (and actually had initially indicated his reluctance to sign the document). *Held:*

1. The appellant contends that the trial court erred in not excluding from the evidence considered the general release executed by the appellant on April 29, 1982. Contrary to the appellant's contention, however, on its face the release was a general one, purporting to release any claims for both bodily injury and property damage, rather than solely a release for property damage. Obviously, the release was not irrelevant in this action seeking damages for bodily injury.

2. Relying upon *Henson v. Dixie Finance Corp.*, 250 Ga. 132 (296 SE2d 593) (1982), the appellant contends that the general release fails because his personal injury claim was separate from his property damage claim and he received no separate consideration for the release of his personal injury claim. *Henson v. Dixie Finance Corp.*, however, simply holds that where a contract is supported by consideration, illegal in part, then the promises supported by legal consideration are still binding, although the promises supported by the illegal consideration are not.

Nor is this case controlled by those cases involving accord and satisfaction, which hold that where the sum actually paid is an amount which the payor has admitted as due and stood ready to pay in discharge of a contract provision and where there is no dispute between the parties as to that amount, the release is invalid as to other claims, in the absence of additional consideration. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983); *Perry v. Intl. Indemnity Co.*, 251 Ga. 709 (309 SE2d 139) (1983). There simply was no evidence that the defendants (or the insurer or Joiner) had admitted owing and stood ready to pay the property damage when the general release was obtained.

3. Generally, "[t]he law is clear that '(W)here one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defeat an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by . . . the opposite party, amounting to actual

fraud such as would reasonably prevent him from reading it. (Cits.); *Morrison v. Roberts*, 195 Ga. 45 (23 SE2d 164) (1942)." *Conklin v. Liberty Mut. Ins. Co.*, 240 Ga. 58, 59-60 (239 SE2d 381) (1977); accord *Daniel v. Conrad*, 242 Ga. 119 (249 SE2d 603) (1978). In short, the general rule remains that a release releases.

The appellant sought by parol evidence to show that the scope of the general release actually was limited to the matter of property damages. In the absence of fraud, accident, or mistake, such parol evidence of prior or contemporaneous representations is inadmissible to vary the written release. *Andrews v. Skinner*, 158 Ga. App. 229 (279 SE2d 523) (1981). Parol evidence, however, is admissible to demonstrate that both parties to a release were honestly mistaken as to the legal effect of the instrument, and may establish a question of fact over the scope of the release which is most appropriate for jury resolution. *Vann v. Williams*, 165 Ga. App. 457 (299 SE2d 908) (1983).

In this case, there was some evidence that the appellant understood his discussion with Joiner and acceptance of the payment to concern damages to his truck only; that Joiner, notwithstanding his acknowledgment that he had not investigated the possibility of a bodily injury claim, understood that the release pertained to both property and bodily injuries; and that the insurer's authorized employee, who had hired Joiner to investigate the claim, understood that only the matter of property damage was to be investigated and resolved by Joiner on behalf of the insurer. Because there was some evidence authorizing a finding that the insurer only intended to resolve the property damage claim (as well as some evidence authorizing the opposite finding), and that Joiner had exceeded the scope of his assigned task in obtaining the general release, summary judgment for either party was inappropriate. See *Vann v. Williams*, supra.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 3, 1984 —
REHEARING DENIED JULY 24, 1984 — 

*Charles M. Cork III*, for appellant.
*Rufus D. Sams III, James V. Towson*, for appellees.