69087. HARLOW v. WALTON LOAN CORPORATION.
(329 SE2d 616)

BIRDSONG, Presiding Judge.

Unintentional Violation of ILA. Walton Loan Corporation sought to recover from Harlow a sum owed under an Industrial Loan Act agreement entered into between the parties. The loan contract provided for total payments of $270 composed of nine monthly payments of $30 each, and was executed on June 1, 1982. Harlow as borrower made one payment of $30 but thereafter failed to meet his obligation. On October 12, 1982, Walton brought suit seeking recovery of $244.50 principal and $36.67 attorney fees. The complaint was amended on November 3, 1982, to pray for recovery of $226.56 principal and $33.98 attorney fees. Thereafter, in response to Harlow's request for admissions, Walton amended its complaint yet another time to allege: "Defendant owes Plaintiff on a promissory note dated June 1st, 1982 in the amount of $224.91 principal, earned interest, and late charges and $33.74 attorneys' fees. Defendant [sic] shows that any difference between the amounts specified herein and the amounts specified in the original paragraph 2 as plead with [sic] a result of an inadvertent clerical error in computing rebates of unearned interest."

Harlow's answer denied liability and set forth defenses in that Walton: wilfully violated Ga. L. 1964, pp. 288, 292 and violated "the GILA." The answer also contained a counterclaim seeking $100 for Walton's failure to set forth disclosures "clearly and conspicuously."

The case then came on for trial in the state court before a judge without a jury. At the trial's conclusion, the trial judge entered an order, containing findings of fact and conclusions of law, finding in favor of Walton for recovery on the loan note and further finding Harlow failed to establish any affirmative defense entitling him to a set-off or counterclaim. From this order, Harlow appeals to this court and urges the following enumerations of error: "(1) The Court erred in excusing the lender's overcharge where no procedures were reasonably adopted to avoid the overcharge. (2) The Court erred in determining that the finance charge had been disclosed correctly when unearned interest was included in the finance charge instead of the amount financed. (3) The court erred in determining that TIL disclosures had been made clearly and conspicuously." *Held*:

The enumerations are considered in inverse order.

1. While the loan agreement may not be a model of clarity, we find that the trial judge's finding that "[a]ll numbers and printing on the disclosure and itemized statement of loan . . . are clear and legible" was authorized. Thus, there was no violation of the Truth in Lending Act (15 USCA § 1601 et seq.)

2. A portion of a previous loan to the defendant was refinanced by the loan in question. Since the sum due on that prior loan was obtained by using the Rule of 78's in computing the rebate of interest under the prior loan, the defendant contends that this resulted in unearned interest being carried forward to the present loan since a lesser sum would have been carried forward if a pro rata method had been used. Therefore, it is argued that under Truth in Lending, especially 12 CFR § 226.8, the plaintiff was required to disclose that difference as unearned interest in the present loan.

This contention is without merit. In *Varner v. Century Finance Corp.*, 253 Ga. 27, 29 (317 SE2d 178), it was held "that the Industrial Loan Act authorizes the lender to use the Rule of 78's to compute interest rebates in refinancing cases and the Act does not require lenders to compute such rebates on a pro rata basis." As both parties agree, Truth in Lending does not specify the method for computing unearned finance charge but looks to the law of the particular state involved. *Gantt v. Commonwealth Loan Co.*, 573 F2d 520, 526 (8th Cir. 1978). Accord *Briscoe v. First Nat. Bank &c. Co.*, 167 Ga. App. 886, 888 (307 SE2d 767). In *Varner v. Century Fin. Corp.*, 253 Ga. 27, 28, supra, the court based its holding on OCGA § 7-3-17 and observed that section "provides that when the borrower prepays all or any part of his unpaid balance, a refund of *unearned* interest shall be made

according to the Rule of 78's." (Emphasis supplied.) Since the Rule of 78's is permitted in refinancing and it provides for a refund of *unearned* interest, there is no viable basis to hold that the difference between using the pro rata method versus the Rule of 78's comprises a category of unearned interest which must be disclosed. Briefly stated, the Rule of 78's which is a proper method for determining interest owed has already eliminated unearned interest.

3. A more serious question is raised by the action of the plaintiff in first seeking $244.50 and then $226.36 and subsequently $224.91.

The trial judge found as follows: "Defendant secondly claims that he was over-charged by virtue of the fact that suit was originally brought for a higher amount, but plaintiff amended its complaint to reflect the rebate of certain unearned charges. Plaintiff [sic] offered no evidence of bad faith on the part of plaintiff in so doing. Nor did plaintiff [sic] submit evidence of the proper computations of rebates which should have been made. Plaintiff's witness, Mr. Giddens, testified that any discrepancy in the amount of the suit was the result of a clerical error, apparently in the office of the original attorney who filed the suit. He testified that this clerical error was subsequently corrected by amending the lawsuit to reflect the proper computations. The burden of showing a violation of the Georgia Industrial Loan Act is an affirmative one for the party asserting it. . . . [citations omitted.] In this instance, defendant has not done so. The only evidence is that of plaintiff, who has shown that the claim was the result of a clerical error and is thus excused under OCGA § 7-3-29 (c) [sic]. Defendant is therefore not entitled to set-off any penalty on the basis of Georgia Industrial Loan Act violations."

As found by the trial court in its order, the only evidence in this case as to the reason for the two successive amendments in the lender's complaint was that an error was made not by the lender but by lender's attorney in preparation of the lawsuit. The trial court's finding is supported by the evidence. We will not disturb that finding on appeal. *Johnson v. State*, 233 Ga. 58 (209 SE2d 629); *Williams v. State*, 148 Ga. App. 55 (250 SE2d 848).

The first amount sued for was $244.50, an error of $19.59; the lender was not even aware, until the trial, that the complaint first sought $244.50.

The second error of $1.65 in the lawsuit's amended complaint was corrected by the lender's manager as soon as he learned of it.

There is no evidence whatsoever that the lender intentionally mislead the borrower nor sought by such error to collect more than due in violation of the Industrial Loan Act. Therefore, OCGA § 7-3-29 (c) and (d) do not apply to render the appellee liable for a violation by the *lender*.

Furthermore, the clerical errors in this case were not made in a

*demand* prior to any litigation by the lender, as was the case in *Liberty Loan Corp. v. Childs*, 140 Ga. App. 473 (231 SE2d 352). The *Liberty Loan* decision held that the lender could not escape its violation of an excessive demand by amending the complaint. In this case, there is no evidence of a demand prior to lawsuit.

We conceive the penalty provisions of OCGA § 7-3-29 as having been designed by the legislature to preclude an unscrupulous creditor from taking advantage of an unwary and uninformed debtor by intentionally seeking by demand more than is due and seeking to be excused only if caught with "hand in the cookie jar," by amending to a legally correct amount. Such penalty constraints should not be extended to a careless scrivener's mistake in the filing of a complaint by the creditor's attorney. Where there is obviously nothing more than an innocent error, form assumes mountainous proportions over substance to conclude that a court should apply the rule that curtailment of the right of amendment to cover an intentional and nefarious mistake as contemplated by OCGA § 7-3-29 should be applied to a plaintiff's right to correct an innocent mistake granted to a plaintiff by amending his complaint under the Civil Practice Act, § 9-11-15. The ILA code sections do not provide that a clerical error made by the lender's attorney is a violation of the Act, nor that the lender's litigation complaint cannot be amended to avoid a penalty. In fact, OCGA § 7-3-29 (c) provides that an error or violation corrected prior to any legal action will avoid liability. This is consistent with the power to amend under the Civil Practice Act. We should not extend the Act past its clear terms, but strictly construe it, as we are bound to do. *Ga. Investment Co. v. Norman*, 231 Ga. 821 (204 SE2d 740).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Banke, C. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting in part.

I respectfully dissent but only with respect to Division 3 of the Court's opinion. Although I agree that there is no evidence of intentional misleading or a deliberate effort to collect more than the law allowed, I believe the law was not complied with by plaintiff.

With regard to how the original complaint sought more than the balance finally specified, the plaintiff's witness Giddings testified that the discrepancy resulted from: "A clerical error as far as figuring the rate of interest that could be charged for the amount of days that he. had the loan up until the time, the date of the loan." Such language can only be construed to be that the amount finally charged was. the maximum permitted by law.

The cases cited by the trial judge and plaintiff have reference only to the necessity of the defendant establishing a violation by the

record. See *Hilley v. Finance America Corp.*, 145 Ga. App. 284 (243 SE2d 587) (1978), and *Grier v. Employees Financial Services*, 158 Ga. App. 813 (282 SE2d 342) (1981). This has nothing to do with the situation after an overcharge is shown. Thereafter the burden is on the plaintiff to show an exemption from liability by virtue of compliance with either OCGA § 7-3-29 (c) or (d). Subsection (c) requires that within fifteen days after discovering an error or violation and prior to the institution of an action under the code section or receipt of written notice of the error or violation, the lender notifies the person concerned and makes necessary adjustments to ensure that person will not be required to pay charges in excess of those permitted. Subsection (d) requires that the lender show by a preponderance of the evidence that the violation was unintentional and "resulted from bona fide clerical or typographical error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error."

No evidence was offered concerning the time of discovery which would sustain any finding with regard to OCGA § 7-3-29 (c). Therefore, the burden was on the plaintiff to establish by a preponderance of the evidence that it complied with OCGA § 7-3-29 (d).

It should be noted that OCGA § 7-3-29 (d) tracks exactly the language of former 15 USCA § 1640 (c). Construing that section we held in *Martin v. Glenn's Furniture Co.*, 126 Ga. App. 692, 698 (191 SE2d 567) (1972): "This section places the burden on the creditor and in effect means that when a violation is shown the debtor has a prima facie right to recover." In *Liberty Loan Corp. v. Childs*, 140 Ga. App. 473, 476 (231 SE2d 352) (1976), this Court held the charging of usurious interest occurred where the creditor demanded such interest by suit and that an amendment to its complaint did not erase the violation. For similar reasoning see *Reese v. Termplan, Inc., Bolton*, 125 Ga. App. 473, 475 (188 SE2d 177) (1972), and *Harrison v. Goodyear Svc. Stores*, 137 Ga. App. 223, 224 (223 SE2d 261) (1976), cases involving the Retail Installment Sales Act (Ga. Laws 1967, p. 659 et seq.).

In order to meet the requirements of OCGA § 7-3-29 (d), the plaintiff introduced evidence that the violation was not intentional and resulted from a clerical error. However, there was no proof to sustain the vital element that the error resulted "notwithstanding the maintenance of procedures reasonably adopted to avoid any such error."

Because the plaintiff did not meet its burden of establishing an exemption under OCGA § 7-3-29 (d), the judgment ought to be reversed with regard to the defendant's claim for a penalty under that section.

I am authorized to state that Chief Judge Banke joins in this dissent.

DECIDED MARCH 15, 1985 —
REHEARING DENIED MARCH 29, 1985 —

*Ralph S. Goldberg,* for appellant.
*David G. Crockett,* for appellee.
*Paul E. Kauffman, Phyllis Holmen, John Cromartie,* amici
curiae.