**William R. HUGHES, Plaintiff,**

v.

**Margaret M. HECKLER,[1] Secretary of Health and Human Services, Defendant.**

No. CIV–78–377E.

United States District Court, W.D. New York.

Nov. 30, 1984.

---

1. Such individual is hereby ORDERED substituted as the defendant pursuant to Fed.R.Civ.P. rule 25(d).

Joan J. Kronman, Buffalo, N.Y., for plaintiff.

Salvatore R. Martoche, U.S. Atty., Joseph M. Guerra III, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

ELFVIN, District Judge.

Defendant Secretary of the Department of Health and Human Services ("the Secretary") has moved and the plaintiff has cross-moved for summary judgment in this action brought pursuant to 42 U.S.C. § 405(g) to review the Secretary's final decision denying Social Security disability insurance benefits to the plaintiff.

The case is before this Court for a second time. Plaintiff, a 50-year old man, initially filed for benefits February 10, 1977. His application was ultimately denied by the Secretary. Upon appeal of that determination, this Court remanded the case, by Memorandum and Order dated June 25, 1981, and directed the Secretary to evaluate the record more fully with regard to several specific factual questions. Upon rehearing, an Administrative Law Judge ("the ALJ") determined that plaintiff was in fact disabled. That decision was rejected by the Appeals Council in a decision dated January 13, 1983. For reasons that follow, the decision of the Appeals Council must be reversed, the Secretary's motion for summary judgment denied and plaintiff's motion for summary judgment granted.

Plaintiff alleges disability resulting from a combination of hypertension, gouty arthritis in one foot, shortness of breath, headaches, dizziness, severe diarrhea and excessive nervousness and anxiety. The facts of the case were detailed in this Court's earlier decision. Apparently much, if not all, of plaintiff's physical and psychological difficulty can be attributed to severe injuries suffered in a motor vehicle accident while on active duty with the United States Air Force in 1953. Subsequent to the accident, he had been discharged from the Air Force and awarded a 100% medical disability. Since that time his employment record has been erratic. He has had a

history of alcohol abuse which contributed to stomach and duodenal ulcers for which a surgical operation was performed in 1976. He has not worked since then and claims disability from the date of surgery.

The critical issue in this type of case is whether the Secretary's decision is supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Secretary's decision is binding on this Court as to both findings of fact and reasonable inferences drawn from those facts, if supported by substantial evidence. *Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981).

The Secretary's position in this case has never been a strong one. Following the decision of an ALJ in 1978 to deny benefits to plaintiff, the Secretary acknowledged that a preponderance of evidence in the record favored plaintiff's position but argued, nonetheless, that that ALJ's decision was supported by substantial evidence and should accordingly be affirmed. It was precisely to avoid this kind of hypertechnical juggling of evidentiary standards that this Court remanded the case for further development of the record. Specifically, the Secretary was directed to evaluate in greater detail the opinion of plaintiff's treating physician, and to defer to it appropriately. It was also stated that the Veterans' Administration award of disability benefits to the plaintiff should be given reasonable, albeit not controlling, consideration. Finally, the Secretary was told to consider whether plaintiff was suffering from an "anxiety neurosis," as had been suggested by Dr. M., the physician to whom plaintiff had been referred by New York's Bureau of Disability Determinations, the agency that had initially considered his case.

■ Although a treating physician's opinion of disability is not wholly binding on the Secretary, it is entitled to great deference and is to be hewed to absent substantial medical evidence to the contrary. *See, e.g., Parker v. Harris,* 626 F.2d 225, 231–33 (2d Cir.1980). On remand the Appeals Council abruptly dismissed the opinion of plaintiff's physician Dr. K., a member of the staff of the Veterans' Administration Hospital in Buffalo, as "not supported by medically acceptable diagnostic techniques." There is no apparent or expressed basis for this conclusion. In a letter dated April 4, 1978 Dr. K. describes plaintiff as "totally disabled and unable to perform sedentary work," and "100% unemployable." He discusses in some detail plaintiff's medical history and concludes that "based on the totality of these medical problems" the claimant is unfit for employment. (Record ["R"] at 184.) There is no evidence in the record which directly rebuts these conclusions.

■ The Appeals Council's consideration of what weight should be given the fact that plaintiff had been found to be disabled for Veterans' Administration purposes is equally superficial. It is true, as the Council has noted, that a determination by another government organization is not binding on the Social Security Administration because the definitions of disability are different under the various programs. Nevertheless, such a determination is entitled to some weight and should be considered. *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir.1975). The Appeals Council has failed to accord it such consideration.

The bulk of new evidence elicited on remand concerned plaintiff's psychiatric status. Significantly, the ALJ found plaintiff's psychological condition in and of itself to be a sufficient ground to support a finding of disability. Plaintiff had been examined by a psychologist and by a psychiatrist April 29–30, 1982 at the request of the Social Security Administration. Testing revealed that plaintiff has an I.Q. of 81 and is considered to be a "slow learner." (R 580.) Dr. G., a board-certified psychiatrist, re-

ported that plaintiff suffers from "anxiety neurosis with severe somatization." (R 586.) In testimony before the ALJ Dr. G. stated that, realistically speaking, he did not consider plaintiff employable. (R 274.) Based on this testimony and other evidence in the record, the ALJ concluded that "the medical evidence overwhelmingly establishes that the claimant is suffering from a severe mental impairment which prevents him from engaging in any substantial gainful activity." (R 199.)

The Appeals Council has failed to give adequate consideration to the question raised in this Court's Order. However, it is clear from the record that the position of the Secretary is not supported by substantial evidence and that plaintiff has established his entitlement to disability benefits. Accordingly, it is hereby ORDERED that plaintiff's motion for summary judgment is granted, that the Secretary's motion for summary judgment is denied and that this case is remanded to the Secretary solely for a calculation and award of benefits.