William FRANSEN, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 83 Civ. 0855.

United States District Court,
E.D. New York.

June 4, 1985.

William Fransen, plaintiff, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for defendant; Thomas P. Battistoni, Asst. U.S. Atty., Brooklyn, N.Y., of counsel.

BARTELS, District Judge.

Plaintiff, William Fransen, brings this action under § 205(g) of the Social Security Act, as amended (the "Act"), to review a final determination of the Secretary of Health and Human Services (the "Secretary"), which denied plaintiff's application for federal disability benefits. Defendant moves for judgment on the pleadings pursuant to Rule 12(c) of the Fed.R.Civ.P., affirming the Secretary's decision as supported by substantial evidence on the record.

*Facts*

Plaintiff filed an application for disability benefits on September 5, 1980, claiming lower back injury, emphysema and arthritis as the basis for his claim. The application was denied November 16, 1980, as was Fransen's application for reconsideration. Fransen was granted a *de novo* hearing before an Administrative Law Judge ("ALJ"), held on June 17, 1981, followed by three supplemental hearings, after which the ALJ issued a decision, on August 2, 1982, affirming the denial of benefits. The Appeals Council denied Fransen's request for review on January 10, 1983, and the ALJ's decision became the final decision of the Secretary, reviewable by this Court under 42 U.S.C. § 405(g).

On June 15, 1983, the parties stipulated to a remand of the case to the Secretary due to defendant's inability to prepare a transcript of the January 1982 hearing. The Appeals Council subsequently ordered further proceedings before another ALJ.

A supplemental hearing was held on November 17, 1983, at which Fransen appeared *pro se*. On December 13, 1983, the second ALJ issued a decision recommending a denial of benefits, which became the final decision of the Secretary when it was adopted by the Appeals Council on February 2, 1984.

In July 1984, defendant filed an answer to Fransen's complaint in this court, and, in the Fall of 1984, moved for judgment on the pleadings. Fransen subsequently filed a response in which he requests the court to reverse the Secretary's decision and award him benefits.

*The ALJ's decision*

At the time of the second ALJ's decision, Fransen was a 49 year old high school graduate who had worked, from 1961 to 1980, on the waterfront as a scaleman, lifting heavy bags of coffee onto and off scales. Although in 1975 Fransen suffered a myocardial infarction, he was able to return to the same work and continued such work until he threw out his back on May 12, 1980, while doing some lifting. Fransen tried to go back to work for a few days, but was unable to continue due to his injury, and he has been out of work since May 28, 1980.

At the first hearing, the ALJ considered the evidence of seven physicians, a psychologist and a vocational expert. Of the physicians, one, Dr. Romano, was Fransen's treating physician; five had performed consultative exams and tests for the purpose of determining Fransen's disability; and the remaining one, Dr. Lanier, reviewed the other doctors' reports without examining Fransen himself. From the evidence of these experts and Fransen's testimony, the first ALJ concluded that Fransen, although unable to return to his past work, was capable of performing sedentary work such as cashier, clerk, parking attendant or assembly line worker.

The second ALJ, whose decision is presented for review here, incorporated by reference all the evidence before the first ALJ, and in addition considered an updated

medical report from Dr. Romano, medical reports from two more doctors, the report of a vocational expert retained by Fransen, and documents from the International Longshoremen's Association ("ILA") indicating that Fransen was entitled to disability benefits from that organization.

Under examination by the ALJ, Fransen, appearing *pro se*, testified that he suffers a great deal of pain in his back, radiating down his left leg, at times excruciating, as a result of which he sleeps irregularly, must constantly shift position while standing or sitting, and takes several hot baths a day to relieve the pain. He further testified that he spends most of his time at home engaging in sedentary hobbies, climbing stairs twice a day, and caring for a diabetic, retarded son. He stated that when he does leave home, his wife drives him since he cannot take public transportation due to his pains. When his back is not bad, Fransen testified, he can stand and sit from 1½ to 2 hours, walk 4 to 5 blocks, but could not bend or squat.

Most of the medical reports concurred that Fransen probably has a herniated intervertebral disc, although the objective tests, including x-rays and a CAT scan, are not conclusive regarding this diagnosis. Neurological exams conducted by Dr. Strassberg in September 1980, Dr. Romano in December 1980, and Dr. Levy in September 1981, produced little or no abnormal findings and no significant motor loss. The medical reports did observe that Fransen was significantly restricted in his ability to flex and bend.

To relieve his back pain, Fransen has been taking regularly a variety of prescription pain relievers, as well as aspirin, which he testified made him "functional". He wears a lumbrosacral corset, a hernia truss, uses a cane when walking outside, and wears a "TENS" unit, an electrical device connected to the spine by electrodes, to make the pain "tolerable" when he goes out. At least one doctor has recommended he undergo a myelogram and possible surgery, which Fransen has not done.

Fransen's other ailments appear to be less significant impairments. Despite heart problems in 1975, he continued working until his back problem developed, and, since 1975, has never been hospitalized for any heart related problem. In his testimony, Fransen complained of chest pains on excitement or exertion and his doctor reported that as a result he takes 3 to 4 nitroglycerene tablets a day which rapidly clear the pain. The medical evidence, the bulk of which concerned the back problem, showed only that Fransen continued to suffer from the same heart condition he developed in 1975.

Fransen is also diagnosed as having emphysema, which the medical evidence does not reveal to be severe, causing him shortness of breath. He is doing nothing to treat it, and in fact continues to smoke a pack of cigarettes a day against his doctor's recommendation. Fransen also complained of a "lousy" appetite, although the ALJ noted he had not changed weight between 1980 and 1983, and was described by an orthopedist examiner in November 1981 as a "well-developed, well-nourished adult male in no acute distress."

Without seriously disagreeing with the clinical findings of the other physicians, Fransen's treating physicians, Dr. Romano and Dr. Thorne, concluded that Fransen is totally disabled by the combination of ailments he suffers. Residual functional capacity evaluations done in September 1980 and in July 1981 concluded that Fransen could sit for 6 hours, stand about 2 hours, walk about 1 hour, lift light loads occasionally, and that he had no problems using his hands. A psychological evaluation in October 1981 found Fransen to be of average or better intelligence with no psychological problems.

From this evidence, the second ALJ concluded that Fransen's back problem was a "severe impairment", but that he nevertheless had the residual functional capacity to perform sedentary work. In reaching his conclusion, the ALJ took into account Fransen's education, intelligence, and the fact that Administration regulations define the

49 year old claimant as a "younger person." As to Fransen's subjective complaints of disabling pain, the ALJ concluded that such were not credible in light of Fransen's demeanor at the hearing and inconsistencies in his testimony regarding appetite and weight loss, as well as his ability to sit, stand, bend and walk despite the pain. The ALJ disregarded the ILA finding of disability as non-binding and unpersuasive due to differing standards of disability. The ALJ also rejected the conclusions of the vocational testing expert retained by Fransen on the ground that they were not valid medical testimony, nor did they show claimant's inability to perform unskilled work after a normal period for vocational adjustment.

*Discussion*

The decision of the Secretary must be upheld unless the court finds it is not supported by substantial evidence, *Bluvband v. Heckler,* 730 F.2d 886, 891 (2d Cir.1984), which is defined as evidence "more than a mere scintilla" which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 20 L.Ed.2d 842 (1971). A claimant will be found disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). *See Mimms v. Heckler,* 750 F.2d 180, 185 (2d Cir.1984).

■ Once the claimant has established the existence of a disability, which the Secretary concedes here, the burden is on the Secretary to show there is alternative substantial gainful work existing in the national economy which the claimant could perform considering his physical capability, age, education, experience and training. *Id.; Mongeur v. Heckler,* 722 F.2d 1033, 1037 (2d Cir.1983).

■ The main objection raised by Fransen, now proceeding *pro se,* is that the Secretary failed to follow the decisions of the United States Department of Labor, under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.,* and the ILA to the effect that he is entitled to disability benefits under programs administered by those agencies. The rule in this Circuit is that the determinations of other agencies that the claimant is disabled is "entitled to some weight and should be considered", although it is not binding on the Secretary since different definitions of disability apply in other programs. *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir.1975); *Hughes v. Heckler,* 598 F.Supp. 765, 767 (W.D.N.Y.1984).

■ In the instant case the ALJ did consider the ILA finding but found it unpersuasive. The ALJ did not explicitly consider the Department of Labor finding that Fransen was totally disabled under the LHWCA. The standards for total disability under LHWCA, however, are significantly different, requiring the claimant to show only that he is unable to perform his regular work and placing the burden on the employer to show the availability of specific jobs the claimant could perform, *American Stevedores, Inc. v. Salzano,* 538 F.2d 933, 935–36 (2d Cir.1976); *New Orleans (Gulfwide) Stevedores v. Turner,* 661 F.2d 1031 (5th Cir.1981), something Fransen's employer apparently did not attempt to do. Further, under LHWCA, a claimant may be considered totally disabled even though physically capable of performing certain light work. *Diamond M. Drilling Co. v. Marshall,* 577 F.2d 1003, 1006 (5th Cir. 1978). Thus, the Department of Labor finding of total disability under LHWCA does not significantly affect the ALJ's decision, and, in view of the extent of medical evidence considered by the ALJ, his failure to explicitly consider the finding is at most harmless error. *See Miles v. Harris,* 645 F.2d 122, 124 (2d Cir.1981).

In all other respects, the ALJ's decision is supported by substantial evidence and therefore must be affirmed. The ALJ based his decision on his observation of the claimant and his testimony from a total of five hearings, and upon consideration of all Fransen's complaints, the facts of his relatively young age and high intelligence, the findings of vocational experts and the medical evidence, including the testimony of nine physicians and the conclusions of Fransen's treating physicians. In addition, in view of the fact that Fransen appeared *pro se* at the hearing, the second ALJ properly made a diligent examination of the claimant, *Echevarria v. Secretary*, 685 F.2d 751, 755 (2d Cir.1982), particularly with regard to his subjective complaints of pain, *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979), an inquiry made necessary by the somewhat limited clinical evidence of injury. *See Gonzalez v. Schweiker*, 540 F.Supp. 1256, 1260 (E.D.N.Y.1982).

Under the circumstances, the Secretary's determination is affirmed and her motion for judgment dismissing the complaint is granted.

SO ORDERED.