14-333-cv
Rivera v. Colvin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of   February,  two thousand fifteen.

Present:         PIERRE N. LEVAL,
                 ROSEMARY S. POOLER,
                          *Circuit Judges*.
                 J. GARVAN MURTHA,[1]
                          *District Judge*.

---

CHARLMERS RIVERA,

                          *Plaintiff-Appellant*,

                 v.                                          14-333-cv

CAROLYN W. COLVIN,

                          *Defendant-Appellee*.

---

Appearing for Appellant:     Lewis L. Schwartz, PLLC, Buffalo, N.Y.

Appearing for Appellee:      Daniel R. Janes, Special Assistant U.S. Attorney, Office of the General Counsel Social Security Administration, New York, NY (Stephen P. Conte, Regional Chief Counsel - Region II Office of the General Counsel Social Security Administration; William J.

                             Hochul, Jr., United States Attorney for the Western District of

---

[1] The Honorable J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

New                                     York, Buffalo, N.Y., *on the brief*)

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Charlmers Rivera appeals from the January 24, 2014 judgment of the United States District Court for the Western District of New York (Skretny, *J.*) adopting the report and recommendation of the magistrate judge (Foschio, *M.J.*) upholding the March 17, 2012 decision of the Commissioner of Social Security denying Rivera benefits for the time period of February 15, 2006 through August 20, 2010. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Rivera first argues that subsequent medical evidence and an April 2014 decision by a different administrative law judge ("ALJ") granting his application for disability benefits from August 21, 2010 forward presents new and material evidence requiring a remand for further proceedings. Pursuant to 42 U.S.C. § 405(g), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .." *Id.* In *Tirado v. Bowen*, our Court summarized the three-part showing required by this provision:

> [A]n appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for her failure to present the evidence earlier.

842 F.2d 595, 597 (2d Cir. 1988) (internal quotation marks omitted).

Rivera cannot make the necessary showing, as the April 2014 decision rests on specific findings that Rivera's condition grew worse after August 2010, particularly with regard to his back, anxiety and post-traumatic stress disorder. The subsequent award of benefits reflected a worsening of his condition, not a different assessment of the same evidence considered in the August 2010 denial of benefits. *See, e.g., Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012) (rejecting sufficiency of the evidence challenge based in part on later favorable decision on claimant's reapplication for benefits, as "the favorable ruling in 2009 was based on evidence not in the record on the original application, related in part to different impairments than those at issue in the original application, and expressly stated that the ALJ saw no basis for

reopening the original application. The ALJ's 2009 ruling therefore does not bolster Cage's claim that the 2008 ruling was not supported by substantial evidence.").

Rivera next argues that in denying him benefits, the ALJ failed to properly weigh disability determinations made by the Veteran's Administration ("VA") in decisions issued on March 3, 2009, and April 15, 2010. Disability decisions by other governmental agencies are not binding on the ALJ, but are "entitled to some weight and should be considered." *Hughes v. Heckler*, 598 F. Supp. 765, 767 (W.D.N.Y. 1984); *see also Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975) ("While the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered."). Here, the ALJ considered the March 2009 determination of the VA assessing Rivera's anxiety disorder as 70 percent disabling, but found that the medical evidence did not support a finding of severe anxiety or PTSD because the VA determination relied heavily on Rivera's subjective complaints rather than objective medical findings. The ALJ also referenced the April 15, 2010 VA decision, which noted the 70 percent anxiety rating and stated his disc herniation was increased to 20 percent disabling. However, the ALJ noted that the April 2010 decision found Rivera's back condition "does not inhibit your activities of daily living such as bathing, dressing and eating. However, you do report having limitations with traveling, and exercise." Contrary to Rivera's arguments, both decisions were considered, and it cannot be said that the ALJ's decision not to afford them more weight is an error.

Finally, we find sufficient evidence in the record to support the ALJ's denial of benefits. At step two, the ALJ found that Rivera's anxiety and PTSD were not severe impairments. Rivera argues this conclusion is not supported by the record, as he was diagnosed with both anxiety and PTSD. However, even assuming that the ALJ erred at step two, this error was harmless, as the ALJ considered both Rivera's severe and non-severe impairments as he worked through the later steps. The ALJ discussed whether the mental impairments met a listing at step three and considered his mental impairments as part of the residual functional capacity finding.

We have considered the remainder of Rivera's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3