21-157-cv
Wright v. Comm'r

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:
        RICHARD C. WESLEY,
        RICHARD J. SULLIVAN,
            *Circuit Judges*,
        BRIAN M. COGAN,
            *District Judge.**

_____

Rodney Keith Wright,
        *Plaintiff-Appellant*,

        v.                                    21-157

Commissioner of Social Security,
        *Defendant-Appellee*.

_____

_____

* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:  Rodney Keith Wright, pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:  Varuni Nelson, Arthur Swerdloff, Rachel G. Balaban, Assistant United States Attorneys, *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Rodney Wright, proceeding pro se, sought review of a final determination by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). Wright's original application for benefits in 2014 was denied in 2015. Wright challenged the denial in federal district court, and in 2017, the district court remanded the case for further development of the record. After a second hearing on Wright's DIB claim in 2018, the Commissioner again denied his DIB application, and Wright brought

2

a second challenge in federal court. This time, the district court granted the Commissioner's motion for judgment on the pleadings, finding that substantial evidence supported the decision by the administrative law judge ("ALJ") that Wright was not disabled. Wright timely appealed and has also moved to vacate the judgment below, arguing that the ALJ failed to develop the record in accordance with the district court's 2017 remand. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to resolve the appeal.

We review de novo a district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination by the Commissioner, we conduct a de novo review of the administrative record "'to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). "The substantial evidence standard means" that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec.*

3

*Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation and quotation marks omitted). After a careful review of the record, we conclude that the ALJ applied the correct legal standards and that his determination that Wright is not disabled is supported by substantial evidence.

The Commissioner has a five-step process for assessing whether a claimant is disabled under 42 U.S.C. § 423. The first step is "whether the claimant is engaged in 'substantial gainful activity.'" *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995) (citation omitted). If so, he is not entitled to benefits. 404 C.F.R. § 1520(a)(4)(i). At step two, the Commissioner considers "whether the claimant's medical condition or impairment is 'severe.'" *Dixon*, 54 F.3d at 1022 (citation omitted). If not, he is not entitled to benefits. 404 C.F.R. § 1520(a)(4)(ii). At the third step, the Commissioner probes whether the claimant's ailments are among or equal to the "'listed' impairments" set forth in the appendix to the Social Security regulations. *Dixon*, 54 F.3d at 1022 (citation omitted). A claimant whose condition meets one of these impairments is entitled to benefits. 404 C.F.R. § 1520(a)(4)(iii). If the claimant's condition does not match a listed impairment, he may still be entitled to benefits, provided he can clear the fourth and fifth steps

of the inquiry.   At step four, the Commissioner assesses the claimant's "residual functional capacity," i.e., the claimant's capacity to perform work tasks such as standing, sitting, bending, crawling, and lifting or carrying objects.   *Dixon*, 54 F.3d at 1022 (citation and quotation marks omitted).   If the claimant's residual functional capacity permits him to perform his past relevant work, he is not disabled.   404 C.F.R. § 1520(a)(4)(iv).   If he cannot perform his past work, however, he is entitled to benefits unless, at step five, the Commissioner can demonstrate that he "has the capacity to perform alternative occupations available in the national economy."   *Dixon*, 54 F.3d at 1022 (citation and quotation marks omitted).

In this case, the Commissioner found at step three that Wright's ailments were not among or equal to the listed impairments set forth in the appendix to the Social Security regulations, but concluded at step four that Wright lacked the residual functional capacity to perform his past relevant work.   The Commissioner nevertheless found at step five that Wright had the capacity to undertake several other jobs that exist in large numbers in the national economy, such as surveillance systems monitor, lens inserter, or order clerk.   Accordingly,

the Commissioner determined that Wright was not disabled, and therefore not entitled to benefits.

In the district court, Wright argued that the ALJ failed to consider evidence of his insomnia when determining at step three that his conditions had not met the definition of an impairment listed in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. The district court disagreed, concluding that the evidence relied on by Wright did not refer to his insomnia, which in any event did not meet the definition of any listed impairment. On appeal, Wright contends that the medical records related to his insomnia refute the district court's findings. The records, however, do not show that he meets the listed impairment definition for any condition; they demonstrate only that he complained of poor sleep. And, as the Commissioner noted, Wright reported that his insomnia began improving in May 2017.

Wright also argues that the ALJ failed to properly develop the record following the first remand, particularly since the consultant doctors did not consider any medical evidence after 2015. We disagree. The district court's remand order directed the Commissioner to obtain medical records from medical providers that the ALJ had not considered in 2015 – namely non-Veterans Affairs

6

Medical Center doctors such as Drs. Christine Fitzpatrick, Simon Raskin, and Raz Winiarsky. It did not require the ALJ to obtain supplemental opinions from consulting physicians like Dr. Rita Clark. Indeed, Wright's counsel stated at the 2018 hearing before the ALJ that he did not believe there were any other outstanding records that should be before the ALJ. Accordingly, the ALJ properly developed the record based on the remand order.

Similarly, Wright asserts that the ALJ and Appeals Council should have considered the fact that Wright was deemed disabled by the Department of Veterans Affairs ("VA") in 2019. But, as the district court noted, the ALJ could not have considered the 2019 VA decision because it was issued nearly a year after the ALJ's decision. And while our case law makes clear that "the determination of another governmental agency that a social security disability benefits claimant is disabled . . . is entitled to some weight and should be considered," *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975); *see also Rivera v. Colvin*, 592 F. App'x 32, 33 (2d Cir. 2015) (same), the record reflects that the agency did just that with respect to the VA's earlier, July 2014 assessment of Wright's disability.

Wright further contends the ALJ erred by refusing to consider Wright's subjective symptoms of fibromyalgia and by refusing to find that Wright suffered from that disease based on his subjective symptoms alone. But Wright does not point to any instance where the ALJ disregarded his subjective reports of pain. In fact, the ALJ noted both Wright's symptoms and the clinical findings and credited Wright by finding that his fibromyalgia was a medically determinable impairment.

In addition to his complaints about the ALJ's weighing of medical evidence, Wright argues at length that the ALJ misused the testimony of the vocational expert and failed to heed the information contained in the Dictionary of Occupational Titles ("DOT"). We disagree. Although the vocational expert did opine that someone requiring frequent unscheduled breaks could not retain employment in the national economy, the record did not compel the conclusion that Wright would need such frequent breaks. Rather, the vocational expert testified that a hypothetical person with Wright's ailments could maintain employment at a range of sedentary jobs. Moreover, contrary to Wright's assertion, the DOT does not indicate that any of the three jobs identified as suitable

8

would require him to sit for more than six consecutive hours, the limit prescribed by the ALJ in his residual functional capacity analysis. *See* DOT § 209.567-014, 1991 WL 671794 (order clerk), DOT § 379.367-010, 1991 WL 673244 (surveillance systems monitor), DOT § 713.687-026, 1991 WL 679273 (lens inserter).

We have considered all of Wright's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Wright's motion to vacate the judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court