GOLDBERG, Circuit Judge:
This case consolidates five distinct causes of action brought by a Chapter XIII bankruptcy trustee who administers each of the trusts at issue to disallow the claims of the creditor defendants. It involves issues related to those raised in two other cases decided today, Sprouse v. General Finance Corp., 577 F.2d 989, (5th Cir. 1978), and Flournoy v. General Finance Corp., 577 F.2d 994, (5th Cir. 1978). Here, all of the proceedings below involved wage earner plans,[1] and in each case the trustee disallowed certain loan claims as violative of the Georgia Industrial Loan Act (“GILA”) between twelve and seventeen months after their inclusion in the various plans. Three of the actions, In re: Watson, In re: Ward, and In re: Jones, were brought against General Finance Corp. In re: Henderson and In re: Sims involved claims by Century Finance Co.
In Henderson, Sims, Watson, and Jones, the bankruptcy judge agreed with the trustee that the underlying loans contained provisions violative of GILA. In those cases in which the trustee had already distributed funds to the creditor, the bankruptcy judge ordered the creditor to reimburse the trustee. Likewise, all moneys paid by the debtors to the creditors under the illegal contracts were held to be recoverable by the trustee.
The district court, J. Robert Elliott presiding, reversed the bankruptcy court in each of the cases, holding that the trustee’s objections to the creditors’ claims were barred as untimely by the bankruptcy rules and by the doctrine of equitable estoppel. The Ward case was then decided by the bankruptcy judge in compliance with the previous rulings of the district court, and this decision was affirmed by the district court on appeal. The trustee now appeals from the district court’s judgments in all five actions.
The parties agree that the loan contracts at issue are void under the Georgia Industrial Loan Act. Thus the primary issue presented on this appeal is whether the trustee’s delay in filing objections to the lenders’ claims bars him from contesting these claims under either the Rules of Bankruptcy Procedure or principles of equity. We conclude that the trustee was not barred under either theory from asserting his objection below and therefore reverse the judgment of the district court.
A careful examination of Rules of Bankruptcy Procedure 13-307 and 13-308 reveals that there is no merit in the creditors’ contention that objections by the trustee to the claims at issue are barred under the Rules of Bankruptcy Procedure. In each of the Chapter XIII bankruptcy proceedings below the creditor filed a claim which was automatically allowed under Bankruptcy Rule 13-307(b) when no objection to the claim was made. From twelve to seventeen months later the trustee filed objections to the creditors’ claims. We stress the word “automatically” because the bankruptcy court’s decisions constituted the first “order” allowing or disallowing any of the claims.
The technical distinction between a claim which is automatically allowed and one which is allowed by order is a significant *1000 one under the Bankruptcy Rules. Rule 13-307(b) provides for the automatic allowance of a claim without an order of allowance:
Subject to the provisions of subdivision (d) of this rule, a claim . . . shall be deemed allowed unless objection is made by a party in interest . . . . (emphasis supplied).
In commenting on this rule, the Advisory Committee’s note states,
Subdivision (b) relieves the court of the substantial burden of making formal orders of allowance of claims to which no objection is made . . . . The automatic allowance effected by the rule is only for the purpose of distribution and does not constitute a determination as to the amount or validity of the claim for any other purpose.
Thus, while distributions may be made pursuant to the automatically allowed claims at issue, this procedure does not constitute a determination of the validity of the claim.
This regulatory scheme is completed by Rule 13-307(c), which authorizes objections to automatically allowed 13-307(b) claims.[2] This rule contains no time limitation for filing an objection, and the Advisory Committee’s note to Rule 13-307(c) makes clear that even after a claim is automatically allowed under 13-307(b) and disbursements are made to the creditor, the trustee may object to the claim and, if successful, may require the rebate of improper distributions:
By virtue of the automatic allowance a dividend may be paid on a claim which may thereafter be disallowed on objection made pursuant to subdivision (c). The amount of the dividend paid before disal-lowance in such event would be recoverable by the trustee in an adversary proceeding brought pursuant to § 57(7) of the Act.[3]
Thus in each of the cases at bar, we have a claim filed, an automatic allowance of the claim, an objection to the automatic allowance, and an adversary proceeding to recover dividends paid by the trustee. Each of these actions is authorized by the bankruptcy rules. The drafters of these rules apparently recognized that it is often impossible to examine the validity of every claim in a short period of time. Considerations of efficiency require that all uncontested claims be automatically allowed, but the allowance should be considered as an interim determination subject to future objections based on a more thorough examination of the claims.
The creditor defendants respond that Rule 13-308 imposes a ten day time limitation on any such reconsideration under Rule 13-307(c). Rule 13-308 provides:
“Within 10 days of the entry of an order allowing or disallowing a claim against the estate, a party in interest may move for reconsideration. If the motion is granted, the court may after hearing on notice make such further order as may be appropriate.”
Because more than ten days elapsed between the dates on which the claims were deemed automatically allowed and the filing .of this adversary proceedings below, defendants contend that the proceedings before the bankruptcy court were barred by Rule 13-308.
This interpretation of Rule 13-308 would render nugatory the regulatory scheme of Rule 13-307 by effectively pre- *1001 eluding any careful examination of previously filed claims. There would be no point in fashioning an elaborate scheme for automatically allowing claims if their subsequent perusal were limited to ten days. In most bankruptcy proceedings, ten days is likely to be an unrealistic period to review each of the claims submitted to the trustee for approval. If the intent of the bankruptcy rules to facilitate early distribution of assets while providing the trustee an opportunity to carefully review each claim is to be effectuated, the trustee cannot be forced into a position of irreconcilably committing himself to the allowance of claims which he does not have adequate time to review.[4] Furthermore, the plain language of Rule 13-308 makes clear that the rule has no application in the instant case. As Bankruptcy Judge Algie M. Mosely, Jr., pointed out in his thoughtful opinion in In Re: Walton, one of the cases consolidated in Flournoy v. General Finance Co., supra, Rule 13-308 explicitly applies to an “order allowing” a claim, rather than to the automatic allowance provided for in Rule 13-307(b) discussed above. The bankruptcy judge’s orders disallowing the claims below, which were reversed by District Judge Elliott, are the type of orders contemplated by Rule 13-308. For example, Rule 13-308 refers to “reconsideration,” and there cannot be a reconsideration of a claim which was allowed automatically without consideration. The first “consideration” accorded these claims was in the adversary proceedings below, and Rule 13-308 came into play only after the “entry of [the] order” by the bankruptcy judge.
Thus in each of the proceedings below, the trustee’s objections were to the claims automatically allowed under Rule 13-307(b). Such objections are authorized by Rule 13-307(c), and no time period is specified in the rules which limits the trustee’s power to bring these adversary proceedings. The trustee’s actions therefore are not barred by the bankruptcy rules.
The defendants next contend that even if the bankruptcy rules do not impose a time limitation on objections to the claims filed by the creditors, the district court was correct in concluding that the trustee’s objections were barred under the doctrine of equitable estoppel because an unreasonable length of time elapsed between the confirmation of the wage earner plans and institution of adversary proceedings by the trustee. The equitable doctrine of laches is also advanced as an alternative basis for upholding the district court’s judgments.
The essence of defendants’ equitable claim is laches and not estoppel. To make out a claim for equitable estoppel the defendants would have to demonstrate at least intentional deception through concealment or inaction, see Bituminous Trucking & Equipment Co. v. Delta Air Lines, 189 F.2d 307 (7th Cir. 1951); Minerals & Chemicals Philipp Corp. v. Milwhite Co., 414 F.2d 428 (5th Cir. 1969), or gross negligence amounting to constructive fraud, see generally id.; Gullett v. Best Shell Homes, Inc., 312 F.2d 58 (5th Cir. 1963). The district court did not base its decision upon any of these factors, and there is no evidence in the record which would support a finding of intentional deception or gross negligence on the part of the trustee.
Instead the district court relied on unreasonable delay. It is well settled in this circuit that the affirmative defense of laches requires a showing of both unreasonable delay and prejudice to the party who raises the defense. See Wheat v. Hall, 535 F.2d 874, 876 (5th Cir. 1976); Weizmann v. District Engineer, U. S. Army Corps of Engineers, 526 F.2d 1302, 1305-6 (5th Cir. 1976). In the five actions with which we are presently concerned, the longest time interval between the original meeting of creditors and the objection by the trustee was seventeen months. Rule 13-302(e) allows claims to be filed within six months *1002 after the first meeting of creditors, and it is certainly not unreasonable for a Chapter XIII trustee to wait until the expiration of this six month period before examining claims. Thus the maximum chargeable delay in the actions before us was eleven months.
There has been no showing in any of the cases that such a delay is unreasonable. Laches is an affirmative defense which must be pled and proved by the defendants. See Wheat v. Hall, supra, 535 F.2d at 876. At a minimum, the creditors bear the burden of demonstrating that under the circumstances of a particular proceeding, a reasonably diligent trustee should have discovered any alleged defect and objected to the particular claim at a significantly earlier time.
In none of the cases before us has the creditor met this burden. The pleadings and the record are barren of any evidence concerning the trustee’s work load, the complexity of the proceedings, the number of claims to be examined, or the customary time period for evaluating claims in similar circumstances. Invocation of the word “laches” does not automatically lock the courthouse door. The defendants cannot make out the defense without offering the necessary evidence to hinge it upon. Here the defendants failed as a matter of law to make out a case of laches. We therefore conclude that the district court erred in holding that the trustee was es-topped from bringing this complaint.[5]
In sum, the judgment of the district court in each of the causes of action consolidated herein must be reversed. The bankruptcy judge correctly determined in Henderson, Sims, Watson, and Jones[6] that *1003 the claims filed by the creditors were invalid and that the trustee was not barred by the bankruptcy rules or by equitable considerations from bringing the adversary proceedings below. The trustee is entitled to recover the dividends which have been distributed to the defendants on the invalid claims. 11 U.S.C. § 93(7). In addition, the trustee may recover any funds which the debtors could have recovered from the creditors on the date that the Chapter XIII cases were filed. See Georgia Investment Company v. Norman, 231 Ga. 821, 204 S.E.2d 740 (1974).
REVERSED and REMANDED.

. Chapter XIII provides a wage earner a flexible procedure for repaying his debts as an alternative to straight bankruptcy. The wage-earner extension-of-time procedures of Chapter XIII are designed to give debtor a reasonable opportunity to arrange installment payments to be made out of his future earnings. See Perry v. Commerce Loan Co., 383 U.S. 392, 86 S.Ct. 852, 854-55, 15 L.Ed.2d 827 (1966).

. Rule 13-307(c) provides:
An objection to the allowance of a claim shall be in writing. A copy of the objection and . . . notice of a hearing thereon shall be mailed or delivered to the claimant, the trustee, and the debtor. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 13-701, the proceeding thereby becomes an adversary proceeding.

. Section 57(1) of the Bankruptcy Act states:
Whenever a claim shall have been reconsidered and rejected, in whole or in part, upon which a dividend has been paid, the trustee may recover from the creditor the amount of the dividend received upon the claim if rejected in whole, or the proportional part thereof if rejected only in part, and the trustee may also recover any excess dividend paid to any creditor. The court shall have summary jurisdiction of a proceeding by the trustee to recover any such dividends.
11 U.S.C. § 93(f).

. We also note that Bankruptcy Act § 57(1), 11 U.S.C. § 93(1), see footnote 3 supra, allows recovery of dividends paid to a creditor on invalid claims. If the trustee must object to a claim within ten days of its automatic allowance, there would be no need to provide for this recovery of dividends.

. Defendants have alleged below, and in their briefs before this court, alternative bases for upholding the creditors’ claims. To obviate the need for further proceedings and the possibility of a subsequent appeal, we shall address these issues at this time. An appellate court may consider alternative bases offered by appellees for upholding the judgment below, even though they were not relied on by the district court and appellees have not filed a formal cross appeal. See Spurlin v. General Motors Corp., 531 F.2d 279 (5th Cir. 1976) (on petition for rehearing).
One defense offered by the creditors is that the wage earner plans, once accepted by the lender, resulted in an accord and satisfaction, and that the subsequent agreement, which contains no illegal provisions, is therefore valid under Georgia law. We disagree. The Georgia Court of Appeals has recently held that under the Georgia Industrial Loan Act “the prior illegal contract could not be valid consideration for the execution of’ a subsequent note. Douglas v. Dixie Finance Corp., 139 Ga.App. 251, 228 S.E.2d 144 (1976). Likewise, under Georgia law the creation of a wage earner plan cannot transmute the illegality of the underlying contracts. Furthermore, the regulatory scheme of Rule 13-307 would be drained of meaning if an automatic allowance of a claim were considered to form a new contract. Rule 13-307(a) requires the trustee to examine claims and to object to the allowance of improper ones. Such an examination would be unnecessary if appellees’ argument were accepted. Where the claim was valid, no objection would be proper, and where the claim was invalid, an objection would be useless since the confirmation order would ratify the defect. Application of accord and satisfaction principles in this situation is thus contrary to Georgia law and inconsistent with the provisions of the Bankruptcy Rules.
Defendant also argues that the trustee may not object to a wage earner claim where the debtor does not join the objection. This argument also is unpersuasive. Bankruptcy Rule 13-307(a) provides that
The trustee and the debtor shall examine proofs of claim and the trustee shall object to the allowance of improper claims, unless no purpose would be served thereby, (emphasis supplied).
This rule does not require the assent of the debtor before an objection may be made by the trustee. The rule does, however, require the trustee to object to invalid claims. We conclude, therefore, that the Bankruptcy Rules empower the trustee to object to claims whether or not they are disputed by the debtor. See In re: Truman, 1 Bankr.Ct.Dec. 1702, 1711-13 (D.Maine 1975).
Finally, defendants assert that the trustee’s suits are barred on other equitable grounds similar to those discussed above. We have carefully examined each of these defenses and conclude that they are without either merit or equity.

. The fifth proceeding at issue on this appeal, In re: Ward, was decided by the bankruptcy judge subsequent to the district court’s decision on appeal in the other four actions. Of course, in Ward the bankruptcy judge was bound by the district court’s prior pronouncements.