# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 24, 2013

Lyle W. Cayce
Clerk

No. 12-60927
Summary Calendar

CERES GULF, INCORPORATED,

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; MARSHALL JACKSON,

Respondents

Petition For Review of an Order of
The Benefits Review Board
(12-0124)

Before REAVLEY, JOLLY, DAVIS, Circuit Judges.

PER CURIAM:[*]

This case is on review of a judgment of the United States Department of
Labor's Benefits Review Board (the "BRB"), affirming a decision of an
administrative law judge (the "ALJ"). The ALJ held that Claimant Marshall
Jackson ("Jackson") was at maximum medical improvement and entitled to
compensation for a permanent hearing loss. Specifically, Ceres Gulf, Inc. ("Ceres

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60927

Gulf") contends that the ALJ erred because Jackson was not at maximum medical improvement as surgery could substantially improve Jackson's hearing, that the ALJ erred in averaging the results of two of Jackson's audiograms (hearing tests), and that the ALJ failed to properly address all evidence presented at trial. Finding no error, we affirm for the reasons more fully set forth below.

## I.

This appeal involves Jackson's claim for hearing loss under the Longshore Harbor Workers' Compensation Act, 33 U.S.C. § 908(c)(13). Jackson, who worked as a longshoreman for eighteen years, operated heavy equipment and was exposed to loud machinery noises during his employ.

The Department of Labor appointed Dr. Marks, an otolaryngologist, as an independent medical examiner in this case. Dr. Marks tested Jackson's hearing loss twice. This testing showed moderate sensorineural bilateral hearing loss, and some portion of this loss was attributed to a conductive impairment. The first audiogram Dr. Marks conducted on November 20, 2009, showed Jackson had 56% hearing impairment; Dr. Marks's second audiogram of Jackson on May 25, 2010, showed 39.6% hearing impairment. Dr. Marks characterized the results of the two tests as "virtually identical." Dr. Marks testified that it would require surgical exploration of the ear to determine if surgery would correct any portion of Jackson's impairment; thus, Dr. Marks found Jackson's impairment permanent and best treated with the use of hearing aids.

No. 12-60927

Jackson also had his hearing tested by Daniel Bode, a licensed clinical audiologist[1]; Dr. Seidemann, Ph.D.[2]; and Dr. Sanborn, Au.D.[3]

After a hearing on February 4, 2011, the ALJ reviewed all audiograms and testing performed by the four experts and chose to most credit Dr. Marks. In crediting Dr. Marks, the ALJ found that Jackson suffered a permanent loss and was at maximum medical improvement. The ALJ, finding both audiograms conducted by Dr. Marks reliable, averaged the results of the two tests to conclude that Jackson suffered a 47.8% binaural loss.

## II.

We must affirm the decision of the Benefits Review Board if it has correctly concluded that the decision of the ALJ is "supported by substantial evidence on the record as a whole and is in accordance with the law." *Diamond M. Drilling Co. v. Marshall*, 577 F.2d 1003, 1005 (5th Cir. 1978). "Substantial evidence" is evidence that provides a "substantial basis of fact from which the fact in issue can be reasonably inferred." *Id.* at 1006 (quoting *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 299 (1939)). Further, "the [ALJ] alone is charged with the duty of selecting the inference which seems most reasonable and his choice, if supported by the evidence, may not be disturbed." *Fulks v. Avondale Shipyards, Inc.*, 637 F.2d 1008, 1011 (5th Cir. 1981) (quoting *Presley v. Tinsley Maint. Serv.*, 529 F.2d 433, 436 (5th Cir. 1976)).

---

[1] Bode concluded that Jackson had a bilateral, work noise-induced senosrineural hearing loss and found a 39.8% binaural impairment.

[2] Dr. Seidemann twice performed audiological evaluations on Jackson and concluded that he suffered from a mild, bilateral sensorineural hearing loss, first measured at 2.8% and then at 4.7%.

[3] Dr. Sanborn, a clinical audiologist, conducted an audiological brainstem response evaluation, which she concluded supported the presence of moderate to significant sensorineural hearing loss.

No. 12-60927

III.

A.

Ceres Gulf first argues that Jackson is not entitled to benefits because he has not reached maximum medical improvement ("MMI").

Awarding benefits under the Longshore Act for a scheduled injury first requires finding that the claimant is at MMI. *SGS Control Servs. v. DOWCP*, 86 F.3d 438, 443 (5th Cir. 1996). A medical expert then prescribes an impairment rating, and the court uses such ratings to determine the scope of compensation for scheduled injuries. *See* 33 U.S.C. § 908(c)(13)(E).

Ceres Gulf contends there is a factual dispute as to whether Jackson has achieved MMI because Dr. Marks found a conductive component to Jackson's hearing loss. All the experts in this case agree that when a claimant suffers from a conductive loss, the possibility exists that the loss can be corrected.

The ALJ relied on Dr. Marks's opinion in finding that while Jackson suffered from a conductive loss, Jackson was at MMI and that no treatment beyond amplification was appropriate. While Dr. Marks testified that the conductive portion of Jackson's loss could "theoretically" be improved through medication or surgery, a doctor would have to first preform an exploratory surgery to preliminarily evaluate if further surgical intervention could correct Jackson's conductive loss. In light of this, Dr. Marks ultimately opined that hearing aids were the best form of treatment for Jackson's condition. The other experts agreed that surgery could potentially correct a portion of Jackson's loss, but those same experts admitted they would defer to the opinion of a medical doctor to determine when such intervention is appropriate.

When surgery is not anticipated, or if the prognosis after surgery is uncertain, the claimant's condition may be considered permanent. *Bunge Corp. v. Carlisle*, 227 F.3d 934, 940 (7th Cir. 2000). Further, if recovery after surgery is uncertain or unknown, a disability may still be found permanent. *Exxon Corp.*

4

No. 12-60927

*v. White*, 9 BRBS 138, 142 (1978), *aff'd mem.*, 617 F.2d 292 (5th Cir. 1980). Thus, even where experts disagree over the benefit of surgery or where an expert acknowledges a surgery may be beneficial, a finding of MMI is not precluded.

Here the ALJ credited Dr. Marks's opinion and concluded that surgery was not anticipated and that Jackson's loss was permanent in nature. Finding that this conclusion is supported by substantial evidence, we affirm the ALJ's finding that Jackson suffered a permanent loss.

### B.

Ceres Gulf next alleges that the ALJ erred as a matter of law in averaging the results of the two audiograms that Dr. Marks performed on Jackson.

The ALJ reviewed five audiograms and the opinions of four experts and found Dr. Marks's opinion regarding Jackson's loss most credible. In finding Dr. Marks most credible, the ALJ averaged results derived from Dr. Marks's two audiograms—56% hearing impairment and 39.6% hearing impairment—to determine the extent of Jackson's hearing loss was 47.8%.

Ceres Gulf contends that the results of Dr. Marks's two tests were not within the acceptable test/retest variance of each other. Yet the Guide for Conservation of Hearing and Noise produced by the American Academy of Otolaryngology provides that if two "audiograms agree within 10 [decibels] at four or more of the audiometric frequencies (.5, 1, 2, 3, 4, 6, and 8 kHz), they may be considered consistent." As Dr. Marks's two audiograms yielded results that were within 5 decibels at a majority of the given frequencies and more than four of these seven frequencies yielded results that were within the 10 decibel threshold, the results met this standard of consistency.

While admittedly the Guide for Conservation of Hearing and Noise suggests that the audiogram that yields the smallest number should be accepted as representing an individual's hearing, the ALJ, finding both of Dr. Marks's audiograms reliable, instead chose to average the results.

5

No. 12-60927

Ceres Gulf contends that the ALJ committed legal error in averaging the results of Dr. Marks's audiograms because under *DOWCP v. Greenwich Collieries*, 512 U.S. 267 (1994), the claimant bears the burden of proving that he is disabled and if the evidence is equal the claimant must lose. Further, Ceres Gulf argues that *Ceres Marine Terminals, Inc. v. Green*, 656 F.3d 235 (4th Cir. 2011) stands for the proposition that audiogram results may not be averaged. In *Ceres Marine Terminals*, the Fourth Circuit stated, "[W]hen there is contradictory, equally probative evidence as to whether a disability exists at all, an ALJ cannot average a 'zero' result with a higher result to find a disability exists." *Id.* at 241 n.2. We find *Ceres Marine* easily distinguishable from the case at hand as it involved an ALJ averaging the results of two audiograms to find that a disability existed when one audiogram yielded a zero result. In fact, the Fourth Circuit explicitly stated: "[W]e do not take the position that an ALJ can never average evidence presented by two medical professionals to make a determination as to the extent of disability." *Id.* Thus we are not convinced that the ALJ erred in averaging the results of Dr. Marks's audiograms.

C.

Finally, Ceres Gulf argues that the ALJ's decision does not comport with the Administrative Procedure Act because the ALJ did not discuss all the evidence before him and failed to explain why he rejected evidence that was contrary to his findings of fact. This argument is without merit. While the ALJ is required to address each issue with substantial evidence, the ALJ is not required to address each conflicting fact. *See H.B. Zachary Co. v. Quinones*, 206 F.3d 474, 480 (5th Cir. 2000). Contrary to Ceres Gulf's assertion, the ALJ in a thorough and lengthy opinion supported his findings with detailed evidence from the record and addressed each expert's findings in turn.

IV.

No. 12-60927

Accordingly, the decision of the Benefits Review Board is AFFIRMED.