WILHELMSEN TECHNICAL SOLU-
TIONS; Signal Mutual Indemnity
Association, Limited, Petitioners

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, Unit-
ed States Department of Labor; Der-
mot A. Murphy, Respondents.

No. 13–60713
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 2014.

Edward Settoon Johnson, Esq., Senior Trial Attorney, Gavin H. Guillot, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for Petitioners.

Rebecca Jayne Fiebig, Trial Attorney, Rae Ellen James, Associate Solicitor, Mark A. Reinhalter, U.S. Department of Labor Office of the Solicitor, Thomas O. Shepherd, Jr., Benefits Review Board, Washington, DC, David Duhon, U.S. Department of Labor ESA/OWCP/DLHWC, New Orleans, LA, Eric John Halverson, Jr., Esq., Law Office of Eric J. Halverson, Jr., A.P.L.C., Metairie, LA, for Respondents.

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Petitioner Dermot Murphy ("Murphy") filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 *et seq.*, against Wilhelmsen Technical Solutions ("Employer") and Signal Mutual Indemnity Association, Ltd. ("Carrier") (collectively "Petitioners"), alleging that he was injured or aggravated an injury while lifting a five-gallon oil drum aboard the M/V CATHERINE KNUTSEN ("KNUTSEN"). Following a formal hearing, the Administrative Law Judge ("ALJ") ordered Petitioners to pay Murphy compensation benefits for temporary total disability as well as "all reasonable and necessary work expenses arising out of his work-related injuries." The Benefits Review Board ("BRB") affirmed the ALJ's decision, finding it was supported by substantial evidence and in accordance with the law. We AFFIRM.

## FACTS

Murphy serviced refrigerator equipment aboard vessels for his employer. He sustained a work-related back injury, a herniated disc, in June 1996. He experienced several flare-ups of his back condition between 2000 and 2010, including, relevant to this case, on August 7 and 13, 2010. He claims that he pulled his back while installing a line on a compressor aboard the M/V MORAY on August 7, then exacerbated this injury when he lifted a five-gallon oil drum aboard the KNUTSEN on August 13. Murphy has been unable to perform any work since August 13, 2010, and was terminated effective November 25, 2011. In connection with the M/V MORAY injury on August 7, Murphy initially received benefits under a voluntary compensation policy from ACE/ESIS, an international carrier who covered claimant's condition because it occurred outside of United States waters in Curacao. However, these benefits stopped in January 2011 when he hired an attorney and filed a claim for benefits against Petitioners in connection with the KNUTSEN incident. Hence the issue was which incident, i.e. the one on the MORAY and/or the one on the KNUTSEN, was the cause of Murphy's inability to do any work since August 13, 2010.

Under 33 U.S.C. § 920, "it shall be presumed, in the absence of substantial evidence to the contrary—(a) [t]hat the claim comes within the provisions of this chapter." For the presumption to apply, "a claimant must prove (1) that he or she

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suffered harm, and (2) that conditions existed at work, or an accident occurred at work, that could have caused, aggravated, or accelerated the condition." *Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter,* 227 F.3d 285, 287 (5th Cir.2000). If the claimant establishes a *prima facie case,* the burden shifts to the employer to rebut the presumption by presenting "substantial evidence establishing the absence of a connection between the injury and the employment." *Id.* at 288 (citing *Gooden v. Dir., Office of Workers' Comp.,* 135 F.3d 1066, 1068 (5th Cir.1998)). "If the employer rebuts the presumption, then the issue of causation must be decided by looking at all of the evidence in the record." *Id.*

In a thorough 24–page order, the ALJ found that Murphy met his initial burden of proof to establish a *prima facie* case and invoke the § 20(a) presumption. The ALJ further found that Petitioners failed to present substantial evidence to rebut the presumption. Moreover, the ALJ maintained that, even if Petitioners had successfully rebutted the presumption raised by Murphy, the evidence as a whole weighed in favor of Murphy. The BRB affirmed.

On appeal, Petitioners argue that Murphy did not establish a *prima facie* case, and the ALJ's contrary finding is not supported by substantial evidence. Petitioners further maintain that, even assuming Murphy established a *prima facie* case, the ALJ erred by applying the incorrect legal standard and holding that Petitioners failed to rebut the § 20(a) presumption. Finally, Petitioners assert that weighing all of the evidence indicates that the August 13 accident aboard the KNUTSEN did not aggravate—much less cause—Murphy's back injury. Hence Petitioners maintain that the BRB's same findings are neither supported by substantial evidence nor in accordance with the law.

## STANDARD OF REVIEW

"Our review of the BRB's decision is limited in scope to considering errors of law, and making certain that the BRB adhered to its statutory standard of review of factual determinations, that is, whether the ALJ's findings of fact are supported by substantial evidence and [are] consistent with the law." *Coastal Prod. Servs., Inc. v. Hudson,* 555 F.3d 426, 430 (5th Cir. 2009) (internal quotation marks and citation omitted). "Substantial evidence is that relevant evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding." *Ceres Gulf, Inc. v. Dir., Office of Workers' Comp. Programs,* 683 F.3d 225, 228 (5th Cir.2012) (internal quotation marks and citation omitted). We review the BRB's legal conclusions *de novo. Coastal Prod. Servs.,* 555 F.3d at 430. As the factfinder, the ALJ "is exclusively entitled to assess both the weight of the evidence and the credibility of witnesses." *Ceres Gulf,* 683 F.3d at 228.

## DISCUSSION

### A. Establishing a *Prima Facie* Case

Murphy maintains that (1) he suffered a gradual degradation of his low-back condition since working for Employer, culminating in his inability to work after his last job aboard the KNUTSEN on August 13; or (2) alternatively, he sustained an aggravation of his preexisting low-back injury when he lifted the five-gallon oil drum on the KNUTSEN on August 13, 2010, thereby increasing and accelerating his condition.

The ALJ concluded that under either theory, Murphy established a *prima facie* case. In reaching this conclusion, the ALJ relied on (1) the record's ample evidence of Murphy's prior workplace back injuries

and resulting treatment; (2) records and testimony from Murphy's long-time physician establishing that the workplace conditions aggravated his back condition over time, that Murphy did suffer an injury in 2010, and that the August 13 accident worsened his condition; (3) Murphy's ability to work after the August 7 incident, but not after the August 13 incident; and (4) the testimony of Murphy's wife that after he arrived home on August 13, he told her that he had "really finished [his] back this time."

Petitioners contest that Murphy cannot recover under a gradual degradation theory "because it is not disputed that there was a definite, new, and interceding event in August 2010 that caused Murphy's need for medical treatment, not a gradual degradation of symptoms." Petitioners further maintain that Murphy did not present adequate evidence that the August 13 aggravation—rather than the August 7 injury—caused his need for treatment to establish a *prima facie* case. Petitioners further allege that all of the ALJ's factual findings were based only on Murphy's account, and the ALJ's credibility determination regarding Murphy's testimony cannot stand.

■ The ALJ's finding that an accident occurred on August 13, 2010, that either exacerbated or caused Murphy's herniated disc is rational and supported by substantial evidence. Even ignoring the other evidence presented, Petitioners concede that a claimant's testimony may be sufficient to establish a *prima facie* case, and that "finders of fact are given latitude to make credibility determinations." *See Ceres Gulf, Inc.*, 683 F.3d at 229. As Murphy established both a harm (the herniated disc) and the occurrence of a workplace incident on August 13, 2010, that could have caused or exacerbated the injury, we agree with the ALJ and BRB that

Murphy established a *prima facie* case and is entitled to the § 20(a) presumption. *See Port Cooper*, 227 F.3d at 287.

## B. Rebutting the § 920(a) Presumption

Once the claimant establishes a prima facie case, the burden shifts to the employer to rebut the presumption through facts—not mere speculation—that the injury is not related to his employment, in this case, the August 13 incident. *See Conoco, Inc. v. Director, OWCP*, 194 F.3d 684, 687–88 (5th Cir.1999). The employer's burden is one of production, not persuasion; once the employer produces substantial evidence of the absence of a causal relationship, the § 20(a) presumption is rebutted. *Ceres Gulf, Inc.*, 683 F.3d at 229–231 ("We have repeatedly held that this evidentiary standard [substantial evidence] is *less* demanding than the ordinary civil requirement that a party prove a fact by a preponderance of the evidence."). When aggravation of a preexisting condition is claimed, the employer must produce substantial evidence that work events neither directly caused the injury nor aggravated a preexisting condition to result in injury. *See Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283, 290 (5th Cir.2003) ("When an employment injury worsens or combines with a preexisting impairment to produce a disability greater than that which would have resulted from the employment injury alone, the entire resulting disability is compensable.").

The ALJ found that, whereas Petitioners presented evidence regarding Murphy's vague or delayed reporting of his injuries, the evidence presented was "not substantial enough to rebut the Section 20(a) presumption," and "the attempts to disprove the fact of the accident on August 13, 2010, were unsuccessful." Additionally, the ALJ found Petitioners did not offer

any evidence that the nature of Murphy's work aboard the KNUTSEN, which involved moderate to heavy physical activity, was not such that it could have caused or aggravated Murphy's herniated disc. The BRB found the ALJ's conclusion to be supported by substantial evidence.

On appeal, Petitioners maintain that the ALJ and BRB erred in requiring them to "disprove" rather than simply produce evidence rebutting the § 20(a) presumption. Petitioners further maintain that they presented substantial evidence of the absence of a causal relationship sufficient to rebut the § 20(a) presumption. Specifically, petitioners presented evidence that Murphy did not submit a claim form until months after the injury on January 6, 2011, once he had retained counsel, and that he lumped the August 7 and August 13 injuries together in prior conversations with management and doctors.

 We agree with the ALJ and BRB that Petitioners' evidence of the vague nature of Murphy's reporting of his injuries does not constitute substantial evidence that the August 13 accident could not have caused or aggravated Murphy's injury. We further find that, despite the ALJ's use of the word "disprove," the ALJ applied the correct legal standard and only required Petitioners to bear the burden of production, not persuasion. In its order, the ALJ noted that "there was nothing substantial presented to suggest that [Murphy] was not credible in his account of the August 13, 2010, injury." The ALJ further found that Petitioners "made no attempt to show that the nature of [Murphy's] work was not such that could have caused or aggravated his back condition." As the BRB noted, these holdings indicate that "any error in the administrative law judge's use of the phrase 'disprove the fact' in terms of Section 20(a) rebuttal is harmless."

## C. Weighing the Evidence

If the employer rebuts the § 20(a) presumption, it no longer controls, and the question of whether there is a causal relationship between the injury and the workplace incident must be resolved on the evidence of the record as a whole, with the claimant bearing the burden of persuasion. *Ceres Gulf,* 683 F.3d at 229.

The ALJ found that even assuming that Petitioners rebutted the presumption, the evidence as a whole weighs in favor of Murphy's claim. The BRB affirmed the ALJ's conclusion, finding that the ALJ "rationally credited [Murphy's] testimony regarding the August 13, 2010 incident and Dr. Corales's undisputed testimony that claimant's work for employer could have contributed to his back condition and its apparent worsening in August 2010."

On appeal, Petitioners maintain that Murphy offered no meaningful evidence that the August 13 evidence caused or exacerbated his injury (only his testimony), and hence the evidence they presented in rebuttal logically must outweigh Murphy's evidence.

 We earlier rejected Petitioners' argument, finding that the evidence presented by Murphy was sufficiently meaningful and substantial to establish a *prima facie* case. Even assuming *arguendo* that Petitioners rebutted the § 20(a) presumption, we affirm the BRB's conclusion that the evidence as a whole weighs in Murphy's favor and accordingly he is entitled to benefits. *See Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs,* 977 F.2d 186, 189 (5th Cir.1992) ("[T]he ALJ's decision need not constitute the sole inference that can be drawn from the facts.... As fact finder, the ALJ determines questions of credibility of witnesses and of conflicting evidence."); *Ceres Gulf,*

**306**

*Inc. v. Dir., Office of Workers' Comp. Programs*, 544 Fed.Appx. 451, 455 (5th Cir. 2013) (unpublished) ("While the ALJ is required to address each issue with substantial evidence, the ALJ is not required to address each conflicting fact.")

## CONCLUSION

We AFFIRM the decision of the BRB. The BRB did not err in concluding that the ALJ's findings were supported by substantial evidence and in accordance with the law.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.